CORDELIA LABRECQUE, administratrix, *vs.* WALLACE B. DONHAM, receiver.

Middlesex. March 5, 1920. — May 20, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* In use of motor vehicle, Street railway. *Evidence,* Relevancy and materiality, Competency. *Motor Vehicle,* Registration. *Witness,* Contradiction. *Practice, Civil,* Requests and instructions, Judge's charge.

At the trial of an action against the receiver of a street railway company for causing personal injuries and the death of an employee of the driver of a motor truck who, when the truck became stalled upon a street car track, ran forward and attempted to crank it with his back turned toward an approaching street car and was struck by the car, the defendant offered to show by a police officer that a fellow employee of the plaintiff's intestate stated to the witness that at the time of the accident they were "swapping wheels and stalled, run on to the track and stalled the engine." The fellow employee, in testifying for the plaintiff, had stated that he did not remember what he had said to the officer as to how the accident happened. The evidence was excluded. *Held,* that the evidence rightly was excluded, since it had no tendency to controvert anything previously testified to by the fellow employee.

At the trial of the action above described, the employer of the plaintiff's intestate, who was driving the truck, and the fellow employee testified for the plaintiff, and, among other things, stated that they were sober at the time of the accident; and the defendant offered evidence tending to show that previous to the accident these witnesses had stopped the truck and passed a flask between them which could have been found to contain intoxicating liquor, and also other evidence tending to show that the witnesses were intoxicated when the accident happened. The evidence was excluded. *Held,* that the evidence should have been admitted, as it affected the credibility of the witnesses and the weight to be given to their testimony.

At the trial of the action above described, the defendant offered to show by the motorman of a street car which had been running behind the motor truck that the employer and the fellow employee of the plaintiff's intestate, who were sitting on the seat of the truck while he sat at the side on a tool box, and who had testified for the plaintiff and had stated that they were sober at the time of the accident, "were boisterous, noisy, that they drove their auto in front of the car and held it back several times, so that because of it the car lost twelve minutes in going from Medford to Woburn; that at times when the auto left the track to let the car go by one of the men, the plaintiff's intestate — well, that is a matter of inference, but one of the men thumbed his nose at the motorman and Ha! Ha! 'd to him." The evidence was excluded. *Held,* that the evidence should have been admitted because it tended to prove that the witnesses for the plaintiff were intoxicated at the time of the accident and thus tended to controvert and to discredit their testimony.

At the trial of the action above described, there was evidence tending to show that, within three hours previous to the accident, the plaintiff's intestate had been drinking intoxicating liquor, and the defendant asked that the jury be instructed that, if the plaintiff's intestate was intoxicated at the time of the accident and such intoxication contributed to the injury, he could not recover. The judge refused so to instruct the jury, but did leave to them the question whether the intestate's conduct was the conduct of "an ordinarily prudent man under the circumstances." The jury found for the plaintiff. The defendant alleged exceptions. *Held,* that

(1) The instruction asked for should have been given;

(2) The instruction given was open to the interpretation that the circumstances in which the care of the intestate was to be judged included that of voluntary intoxication and therefore that subject was inadequately dealt with in the charge;

(3) This court could not say that this error of the trial judge did not result in harm to the defendant, and therefore the exceptions should be sustained.

At the trial of the action above described, the judge in his charge to the jury at times correctly instructed them that the motorman of the street car that ran into the plaintiff's intestate was bound to exercise the care of a reasonably prudent man under the circumstances, but, at other times, he told them in substance that the motorman was required to exercise the care of a reasonably prudent man "with his skill," that he was bound to act with the care of "a reasonably careful and skilful man;" that he was to be judged by the standard of care that would be reasonably expected from "a prudent man, skilful man, with his experience just as he stood there on the car." The defendant excepted. *Held,* that prejudicial error was committed, and that the exceptions must be sustained.

At the trial of the action above described, there was evidence tending to show that the motor truck, although properly registered, was being operated contrary to law with a temporary number plate, used without authority. It did not appear that the intestate knew of the improper use of the number plate. *Held,* that the act of the plaintiff's intestate in attempting to crank the truck was not operating it nor participating in its operation, and that the plaintiff therefore was not precluded from recovering by reason of the use of improper number plates.

TORT, with a declaration in two counts, the first count for causing the death, and the second for causing conscious suffering of the plaintiff's intestate, Henry Labrecque, resulting from a collision between a motor truck, on which he was riding as an employee, and a street car of the Bay State Street Railway Company, then being operated by the defendant. Writ dated November 26, 1918.

In the Superior Court, the action was tried before *Raymond,* J. There was evidence that the plaintiff's intestate had been drinking intoxicating liquors within three hours before the accident. Other material evidence and exceptions saved by the defendant to rulings as to the admission and exclusion of evidence are described in the opinion.

At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. The defendant then asked that the following instructions be given to the jury:

"8. If the jury find that the plaintiff's intestate was intoxicated and that his intoxicated condition contributed to the accident, the plaintiff cannot recover.

"9. If the jury find that the plaintiff's intestate was intoxicated that will not excuse him from exercising the care that a reasonably prudent and sober man would exercise under the circumstances.

"10. If the jury find that the plaintiff's intestate was operating the truck at the time of the accident, the plaintiff cannot recover.

"11. If the jury find that the plaintiff's intestate was taking any part in the operation of the truck the plaintiff cannot recover."

The requests were refused. There was a verdict for the plaintiff in the sum of $5,130 upon the first count of the declaration, and $2,052 upon the second count; and the defendant alleged exceptions.

*J. M. O'Donoghue*, for the defendant.

*T. W. Proctor*, for the plaintiff.

CROSBY, J. This is an action to recover for the conscious suffering and death of Henry Labrecque, who died as the result of injuries received on October 24, 1918. He was employed by one Seymour who operated an automobile truck between Boston and Lowell.

In the morning of the day of the accident, Seymour drove the truck from Lowell to Boston, having with him as helpers the plaintiff's intestate and one Swan; and on the return trip in the afternoon of the same day, an electric car of the Bay State Street Railway Company (at that time operated by the defendant as receiver) collided with the truck on a State highway in the town of Tewksbury and the plaintiff's intestate received the injuries which resulted in his death. Swan testified that they left Boston about one o'clock and that just before leaving he and Labrecque each had two drinks of whiskey; Seymour testified that Swan and Labrecque had been drinking that day. On the way back Seymour and Swan rode on the seat and Labrecque sat on a tool box on the right hand running board. The travelled part of the highway at the point in question was macadamized, and to the left of it in travelling toward Lowell was the street railway track; just before the accident

the truck, operated by Seymour, was being run on the macadam roadbed, and when it reached the bottom of the hill he "heard a rumbling sound on his truck and turned his head to the left to see what it was. The truck turned to the left off the roadbed into the sand and the left front wheel went over the nearest rail of the street car track, and the engine of the auto truck stopped. Seymour looked up and saw that a street car was approaching from Lowell and the plaintiff's intestate who was riding on a tool box on the right hand running board of the auto, stepped to the ground and went in front of the truck with his back to the car to crank the engine of the auto for the purpose of starting it. While doing this, the street car which was coming down hill in the opposite direction hit him, causing the injuries from which he died."

The question whether the motorman of the electric car was negligent was properly submitted to the jury, and we do not understand the defendant to contend to the contrary. The conduct of the plaintiff's intestate also was for the jury.

1. The defendant offered to show by a police officer that the latter was told by Swan (who testified for the plaintiff) that at the time of the accident they were "swapping wheels and stalled, run on to the track and stalled the engine;" this evidence was excluded and the defendant excepted. The record does not disclose that the evidence contained in the offer of proof had any tendency to contradict anything testified to by Swan; he testified that he did not remember what he said to the officer as to how the accident happened. This exception must be overruled.

2. The defendant offered to show that on the return trip the men on the seat of the truck stopped the engine and passed a flask between them which could have been found to contain intoxicating liquor. This evidence, with other evidence, was admissible as having a tendency to show that Seymour and Swan were intoxicated when the accident happened. If the jury so found, it could also have been found that it affected the credibility and weight to be given to their testimony. The exception to the exclusion of the evidence must be sustained.

3. One Redfern, a motorman, testified that on the day of the accident, and before it occurred, he was operating his car in the same direction as the truck was travelling and caught up with it just before he reached the Winchester line. The defendant offered

to show by this witness, for the purpose of proving that the men on the truck were under the influence of liquor that they "were boisterous, noisy, that they drove their auto in front of the car and held it back several times, so that because of it the car lost twelve minutes in going from Medford to Woburn; that at times when the auto left the track to let the car go by one of the men, the plaintiff's intestate — well, that is a matter of inference but one of the men thumbed his nose at the motorman and Ha! Ha!'d to him." This evidence was excluded. It should have been admitted as it was competent to show that Seymour and Swan were under the influence of liquor and to contradict their testimony that they were sober at the time of the accident.

As we find no error in the exclusion of evidence to which the other exceptions were taken, they need not be considered in detail.

The remaining exceptions relate to the refusal of the trial judge to give certain instructions to the jury, and to a part of the charge.

4. The defendant's eighth and ninth requests in substance should have been given. If the plaintiff's intestate was intoxicated at the time of the accident, this alone does not prevent her maintaining this action and the jury were so instructed; but if his intoxication contributed to the injury in any degree, she cannot recover, *Holland* v. *West End Street Railway*, 155 Mass. 387, 388, *Black* v. *New York, New Haven, & Hartford Railroad*, 193 Mass. 448, 450, and this is true notwithstanding St. 1914, c. 553. These requests directed the attention of the judge to an important and pertinent principle of law with reference to which the defendant was entitled to have the jury instructed; and although the judge referred to the evidence respecting intoxication, he did not give the instructions requested either in form or substance. He stated to the jury "Was his [Labrecque's] conduct the conduct of an ordinarily prudent man under the circumstances?" The instruction given is open to the interpretation that the circumstances under which the care of the plaintiff's intestate was to be judged included that of voluntary intoxication. We think that the subject matter of these requests was inadequately dealt with; that the jury should have been told in substance that if the plaintiff's intestate was intoxicated and that such condition contributed to the accident, there could be no recovery; and that if he was in-

toxicated he was not excused from exercising the care that a
reasonably prudent and sober man would exercise under the cir-
cumstances. We cannot say that the failure to instruct the jury
in substance as requested did not result in harm to the defendant;
accordingly these exceptions must be sustained. *Bride* v. *Clark,*
161 Mass. 130. *Bergeron* v. *Forest,* 233 Mass. 392, 402.

5. After the judge had finished his charge, a conference between
him and counsel took place at the bench, at the conclusion of which
he read to the jury four instructions asked for by the defendant:
the first, an instruction in effect that the conduct of the motorman
was to be judged by the standard of care that would be reasonably
expected from a prudent man acting in a like emergency. This
was correct. The second was in substance to the same effect as
the first, but to it was added "I think I said that: a prudent man,
skilful man, with his experience just as he stood there on the car."
He gave the third request with other instructions, in the course of
which he stated: "I take it that it is a question . . . whether the
motorman saw the truck over there soon enough so that as a rea-
sonably careful, skilful motorman . . . with his experience, he did
what he ought to have done. I take it that that is the real issue."
Then followed another conference at the bench, not in the hearing
of the jury, at which time counsel for the defendant excepted to so
much of the charge as allowed them "to find negligence on the
part of the motorman, and take into account his skill."

While in certain parts of the charge the jury were correctly
instructed that the motorman was bound to exercise the care of a
reasonably prudent man under the circumstances, in other parts it
appears they were told in substance that he was required to exer-
cise the care of a reasonably prudent man "with his skill," and
that he was bound to act with the care of "a reasonably careful
and skilful man." In this respect the charge was erroneous. The
standard of duty is not the skill, caution and foresight that the
motorman at that time was capable of, but it was the care of a
reasonably prudent man standing in his place, in view of the ex-
isting circumstances. As was said by Tindal, C. J., in *Vaughan* v.
*Menlove,* 3 Bing. (N. C.) 468, 475; *S. C.* 4 Scott, 244: "Instead,
therefore, of saying that the liability for negligence should be
coextensive with the judgment of each individual, which would be
as variable as the length of the foot of each individual, we ought

rather to adhere to the rule which requires in all cases a regard to caution such as a man of ordinary prudence would observe." *Lang* v. *Boston Elevated Railway*, 211 Mass. 492. *Cayzer* v. *Taylor*, 10 Gray, 274, 280. *Commonwealth* v. *Pierce*, 138 Mass. 165, 176. *Brick* v. *Bosworth*, 162 Mass. 334, 338. *Keith* v. *Worcester & Blackstone Valley Street Railway*, 196 Mass. 478, 482. *Altman* v. *Aronson*, 231 Mass. 588, 591. This exception must be sustained.

6. There was evidence that the automobile truck was owned by one Ryan and was duly registered; and it was admitted that the witness Seymour was licensed to operate it. If it be assumed that it was operated contrary to law because a temporary number plate was used without authority, still it could not have been ruled as matter of law that the momentary act of the plaintiff's intestate in attempting to crank the truck at a time of imminent peril in order to get it off the track, made him an operator under St. 1915, c. 87; nor would such act warrant the jury in so finding, nor would a finding be warranted that he knew or had reasonable cause to know that it was operated in violation of law. St. 1915, c. 87, § 1. It follows that the tenth and eleventh requests were rightly refused.

*Exceptions sustained.*