Philip V. Clarke, Plaintiff-Appellee, v. Michael Rochford, Defendant-Appellant.

Gen. No. 50,809.

First District, Third Division.

January 26, 1967.

Anthony R. Lazzarra, of Chicago (E. Paul Lanphier, of counsel), for appellant.

Donald A. Carr and Robert J. O'Rourke, of Chicago, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The defendant appeals from a $3,800 judgment awarded to the plaintiff by a jury for damages sustained when

the defendant ran into the rear end of the plaintiff's automobile.

The complaint was originally filed in the County Court of Cook County in April of 1963 for the maximum jurisdictional amount of that court, $2,000. Following the effective date of the judicial amendment, January 1, 1964, the ad damnum was increased to $5,000.

In this appeal the defendant does not contest his liability. He contends that the verdict is excessive and was caused (a) by the prejudicial conduct of counsel for the plaintiff in asking improper questions of the defendant and (b) the plaintiff's mentioning in front of the jury that the defendant was insured. He urges reversal of the judgment and remandment or, in the alternative, that this court require the plaintiff to remit a portion of the judgment.

At approximately 2:00 a. m. on December 26, 1962, the plaintiff was traveling in his auto in a northerly direction on Halsted Street in the City of Chicago. He was on his way home from an establishment known as the Blarney Club. He stopped for a red light at 63rd Street and his car was struck from behind by the defendant and pushed across the street. The defendant was also on his way home from the same club but there is no indication that the parties knew each other prior to the occurrence.

The impact caused $300 damage to the plaintiff's car and caused his left knee to strike the dashboard. He testified that his knee was injured, that he missed two days of work and lost $50 in wages. He said that his knee was x-rayed, that he consulted physicians six or seven times and that at the time of the trial he was still bathing his knee in hot water to relieve the pain. No medical testimony was presented by the plaintiff to support his claimed injury.

During the course of the trial the plaintiff called the defendant as an adverse witness under section 60 of the

Civil Practice Act. The attorney for the plaintiff inquired whether the defendant had been drinking and an objection was sustained. He asked whether or not drinks were served at the Blarney Club. An objection was likewise sustained to this question. The attorney explained to the court in the presence of the jury that the question of whether or not the defendant had something to drink went to the negligence of the case. Once again an objection was sustained and then the attorney inquired of the court, in the presence of the jury, whether he could not show that the defendant had something to drink before operating his vehicle.

During the course of the same examination, the plaintiff's attorney asked whether the defendant's driver's license had been revoked for drunken driving. The defendant responded that it had not been. He was asked whether it ever had been revoked for drunken driving and he answered that it had been revoked for that reason in 1959. He was then asked if he had failed his driver's examination when he took it in 1959. The attorney persisted with questions along this line and he also inquired whether the defendant had been involved in an accident prior to this one.

■ The plaintiff presented no evidence and made no offer to prove that the defendant had been drinking or that he was under the influence of liquor at the time of the accident. In the absence of subsequent proof, the attorney's intimations were unfair. Furthermore, his question, directed to the court itself within the hearing of the jury after the court had ruled adversely to him: ". . . I may not show this man had something to drink before he operated his motor vehicle?" carried the implication that the defendant had been drinking and that the plaintiff was being thwarted in his effort to prove it. This unfounded implication and the continued questioning, indulged in despite the court's correct and repeated rulings, were prejudicial to the defendant.

■ ■ Evidence of intoxication is admissible in a personal injury action as tending to show the negligence of one of the parties. South Chicago City Ry. Co. v. Dufresne, 200 Ill 456, 65 NE 1075 (1903); 8 Am Jur2d, Automobiles and Highway Traffic, § 938. It has been held that this is so under a general negligence allegation even where the complaint does not specifically allege intoxication, as it did not in this case. Fox v. Hopkins, 343 Ill App 404, 99 NE2d 363 (1951). However, questions cannot be asked which intimate to the jury that a party was intoxicated at the time of the accident unless there is supporting evidence. In Miller v. Chicago Transit Authority, 3 Ill App2d 223, 121 NE2d 348 (1954) similar questions were asked but no effort was made to prove that the party had been under the influence of alcohol. The court observed that the highly prejudicial effect of such questions was not readily removed by the trial court's sustaining objections to them.

■ ■ The attorney for the plaintiff also engaged in improper questioning when he inquired about the revocation of the defendant's driver's license for drunken driving and when he asked whether or not the defendant had been involved in a prior accident. The former question could only serve to focus attention on the defendant's prior conduct which had no relationship to the manner in which he acted on the night in question. The latter question was likewise improper as it would lead to a consideration of an issue immaterial to the determination of the defendant's negligence in the case on trial.

■ ■ Because of the conclusion we have reached concerning the defendant's first contention, it is unnecessary to discuss in detail his second one: that he was prejudiced by the testimony of the plaintiff which revealed that at the time of the accident, the defendant said he was insured. It is within the discretion of the trial court to determine whether the mention of insurance is

prejudicial (Granger v. Turley, 20 Ill App2d 488, 156 NE2d 610 (1959)) and the trial court did not err in not declaring the mistrial requested by the defendant.

█ Normally, the unfair effort to discredit the defendant and the cumulative prejudicial effect of the questions asked him would cause this court to reverse the judgment and remand the case for a new trial. However, because the defendant concedes his liability, we do not find it necessary to take such action. Instead, we have decided to affirm the judgment on the condition that the plaintiff consent to a remittitur.

█ In view of the special damages shown ($300, car repairs; $50, lost wages, and $48 in medical expenses) and the lack of any medical evidence supporting the plaintiff's testimony concerning the seriousness, extent or permanency of his injury we believe the verdict of $3,800 was excessive.

Pursuant to the authority vested in this court in Ill Rev Stats (1965) c 110, § 92(1) (e), we affirm the judgment on the express condition that the plaintiff enter a remittitur of $1,300. Barker v. Barker, 36 Ill App2d 20, 183 NE2d 518 (1962); Ault v. Associates Discount Corp., 43 Ill App2d 409, 193 NE2d 226 (1963). Upon the filing of such remittitur the judgment will be affirmed; otherwise the judgment will be reversed and the case remanded for a new trial.

Judgment affirmed upon the filing of remittitur; otherwise judgment reversed and cause remanded with directions.

SULLIVAN, P. J. and SCHWARTZ, J., concur.