Barbara Warp and Kathryn Heckenback, Plaintiffs-Appellees, v. James Whitmore, Defendant-Appellant.

Gen. No. 53,823.

First District, Second Division.

April 7, 1970.

Louis Riethmann, Michael J. Polelle, and Medard M. Narko, of Chicago, for appellant.

Robert J. Cooney, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Plaintiffs brought this action to recover for personal injuries sustained by them when the automobile in which they were riding collided with an automobile being operated by defendant. The jury returned verdicts of $8,900 for Barbara Warp and $3,000 for Kathryn Heckenback, and judgments were entered thereon. Defendant appeals.

The mishap occurred about 5:00 p. m. on June 3, 1962, near the intersection of Thorndale Avenue and Sheridan Road in Chicago. Sheridan Road at that point consists of two northbound and two southbound lanes of traffic, and traffic at the intersection is controlled by a signal light.

The plaintiffs were passengers in the front seat of an automobile being driven by Randel Hendrickson in the outer southbound lane of Sheridan Road, to the north of the intersection. Shortly before the collision, Hendrickson switched lanes and was proceeding southerly in the inner lane of traffic at a speed of 15 to 20 miles per hour.

Defendant's automobile had been proceeding in the outer northbound lane of Sheridan Road, to the south of the intersection, and was brought to a halt for the light

at the intersection behind another vehicle. The other vehicle accelerated slowly from the light when it turned green, and defendant pulled his vehicle into the inner northbound lane in an effort to pass the vehicle in front, accelerating his vehicle to a speed of between 30 and 50 miles per hour. The pavement was wet and slippery due to a rain which had fallen earlier that day, and as defendant pulled his vehicle into the inner northbound lane, the rear end of the vehicle "fishtailed" across the center line and into the inner southbound lane of traffic in which the Hendrickson vehicle was traveling, resulting in a collision between the two vehicles. Barbara Warp was thrown against the windshield of the Hendrickson vehicle, and Kathryn Heckenback was thrown against the steering wheel and the dashboard.

Kathryn Heckenback was treated for cuts around the inside and outside of the mouth, which required stitches to close. She also required extensive dental work on several of her teeth which had been chipped and cracked in the accident. She testified that the scar from the wound on the inside of her lip bothered her when eating and drinking. She also testified that she was released from the hospital immediately after the emergency treatment.

Barbara Warp also received emergency treatment and remained in the hospital for nine days. She was treated by her family physician for what was diagnosed as a concussion and a traumatic myocytis of the neck. She continued to experience difficulties with her neck after several years of treatment by her family physician and she was referred by him to a specialist. Mrs. Warp continued to experience pain in her right arm, which would occasionally "go to sleep," causing her to drop things she was holding in her right hand. Her family physician testified that the conditions caused by the accident and experienced by Mrs. Warp were such that "she would

160

have to live with them" in that they could go on for the rest of her life.

Defendant maintains that plaintiffs' counsel were improperly allowed to make repeated references to defendant's consumption of alcoholic drink prior to the mishap, without introducing any further evidence to show intoxication.

Counsel for one of the plaintiffs initially raised the matter of drinking when in his opening statement to the jury, he remarked that "there has been some talk of drinking" on defendant's part. An objection to the remark was sustained and the jury was instructed to disregard the remark.

The matter of drinking again arose on the examination of the defendant by plaintiffs' counsel when defendant was called as a witness pursuant to section 60 of the Civil Practice Act. The defendant had been attending a regional meeting in connection with his employment, and had been to a committee meeting at a Chicago hotel shortly prior to the occurrence. Counsel for one of the plaintiffs asked defendant to state the last place he had been in the hotel before he left the hotel and defendant replied, "At the bar."

In later examination by counsel for the other plaintiff, a question asked of defendant as to how many men were at the bar with him before he left the hotel was objected to, and the objection was sustained. Counsel then asked defendant how long he had been at the bar, to which defendant volunteered, "We had one drink." Several more questions concerning the bar, the people at the bar, and the type of alcohol consumed were interspersed throughout the balance of the section 60 examination of defendant by plaintiffs' counsel.

The only other evidence of intoxication, introduced by plaintiffs during their case in chief, was a question asked of Kathryn Heckenback as to whether she noticed any-

thing about defendant's breath immediately after the accident; she replied, "He had been drinking."

At the close of plaintiffs' case, a defense motion to strike all evidence relating to the consumption of alcoholic drink was allowed and, in a lengthy instruction by the court, the jury was specifically instructed to disregard that evidence. However, in closing argument and over objection, defense counsel referred to the evidence of drinking and to the ruling and the instructions of the trial court made with regard thereto, and the jury was again told (by defense counsel) to disregard that evidence.

Evidence of drinking of intoxicants will not, of itself, support a charge of intoxication, and plaintiffs here did not introduce any evidence of intoxication apart from the drinking. The motion to strike the evidence bearing on intoxication was properly allowed. We are of the opinion that the court's emphatic direction to the jury to disregard this evidence and the remarks thereon protected the defendant's right to a fair trial.

The cases cited by defendant in support of his position are not in point. In Miller v. Chicago Transit Authority, 3 Ill App2d 223, 121 NE2d 348, an objection to a question regarding drinking was sustained by the trial judge; a second question in this regard was again asked and an objection thereto was sustained. The court on review held that the sustaining of the objections did not cure the prejudicial effect of the questions asked, inasmuch as there was no attempt to prove intoxication. Here, on the other hand, the question of drinking was opened up by the defendant's answers volunteered during the section 60 examination, and the jury was later admonished in very emphatic and specific terms to disregard all evidence pertaining to the consumption of alcohol. In Kitten v. Stodden, 76 Ill App2d 177, 221 NE2d 511, the trial judge during the voir dire examination of the prospective

jurors, commented that "two drunks are still entitled to the same law as persons who are not intoxicated." No such situation is presented here. The case of Clarke v. Rochford, 79 Ill App2d 336, 224 NE2d 679, is likewise inapposite on its facts.

Defendant next contends that the trial court erred in giving plaintiffs' instructions regarding damages for future pain and suffering, for the reason that no evidence was introduced to support those instructions. We disagree.

■ ■ Kathryn Heckenback testified that she experienced difficulties in eating and drinking due to the scar formed from the wound on the inside of her mouth caused by the accident; there was also evidence that certain of the teeth cracked and chipped in the accident required periodic attention to determine if any "devitalization" was occurring. The evidence of permanency of injuries introduced on behalf of Barbara Warp was that she was feeling the effects of the injuries received in the accident at the time of trial; that she would experience occasional numbness in her right arm, causing her to drop things; and that her disabilities were such that she would "have to live with" them. There was sufficient evidence introduced to support the instructions given.

■ Defendant also complains that the court erred in giving a modified version of IPI instruction #34.04 relating to the mortality table which was admitted in evidence. The fact that the language of the instruction does not conform to IPI #34.04 is not, of itself, sufficient to warrant a reversal. Avance v. Thompson, 387 Ill 77, 55 NE2d 57; Hildebrand v. Baltimore & O. R. Co., 41 Ill App2d 217, 226–227, 190 NE2d 630. (See also Bridges v. Ford Motor Co., 104 Ill App2d 26, 36–37, 243 NE2d 559, where defendant failed to offer an instruction clarifying the use and purpose of mortality tables at trial.) It should be further noted that defense counsel commented on the

relevancy and value of the tables during his closing statement to the jury.

Defendant next argues that the giving of the foregoing instructions set the stage for an improper per diem argument on damages by counsel for one of the plaintiffs. We are in agreement with defendant's position that arguments, which attempt to place before the jury a mathematical formula for arriving at damages for future pain and suffering based upon fixed units of time, are improper, (Caley v. Manicke, 24 Ill2d 390, 182 NE2d 206; Jensen v. Elgin, J. & E. Ry. Co., 24 Ill2d 383, 182 NE2d 211) but we are not here confronted with an argument of the nature as those in the cases cited by defendant.

After arguing that one of the plaintiffs should be awarded a specific amount of damages for costs expended, lost work time, past pain and suffering, etc., her counsel suggested that she be allowed for future pain and suffering the sum of $100 per year for the number of years of her life expectancy. In making this argument, counsel carefully noted that the sums stated by him were only his suggestions, which could be high or low depending on what the jury determined to be just compensation.

Secondly, no objection was made by the defendant at the time the argument was made to the jury. Finally, counsel for the plaintiff did not, as was the situation in the cases cited by the defendant, challenge defense counsel to offer a better "scheme" for arriving at damages. Under the circumstances we find no error in this regard.

Defendant next contends that the final argument of counsel for one of the plaintiffs went beyond proper comment, in that he criticized opposing counsel and argued matters not in evidence. In light of the evidence of negligence on defendant's part and in light of the amount of the verdicts returned by the jury, al-

though some of the remarks complained of should not have been made, we are of the opinion that no prejudice resulted to defendant therefrom. Some of the remarks complained of were brought about by defense counsel during his final statement to the jury. Further, no challenge is made on this appeal to the amounts of the verdicts returned. With respect to the matters argued to the jury which allegedly were not supported by the evidence, no objection was made by defendant at the time the arguments were made.

 Defendant finally states that the trial court committed error in refusing to give to the jury three tendered special interrogatories which sought to determine whether defendant's conduct was "the proximate cause" of the accident. There was no evidence introduced at trial which could in any way support the theory that a cause other than defendant's negligence was the proximate cause of the occurrence. There was no evidence of negligence on the part of plaintiffs' driver, Hendrickson, in the operation of his vehicle, and the evidence concerning the wet pavement, standing alone, was not sufficient to warrant the jury in finding that the mishap was due thereto. The interrogatories were properly refused. Wicks v. Cuneo-Henneberry Co., 319 Ill 344, 150 NE 276.

For these reasons the judgments are affirmed.

Judgments affirmed.

McCORMICK, P. J. and LYONS, J., concur.