CATHERINE ZADURA, mother and next friend of BRUNO ZADURA, a minor, Plaintiff-Appellee, *v.* JEROME DEBISH, Defendant-Appellant—(WALTER PETERSON, Defendant.)

(No. 53620;

First District—May 2, 1972.

Pretzel, Stouffer, Nolan & Rooney, of Chicago, (Howard C. Sorensen and Joseph B. Lederleitner, of counsel,) for appellant.

Arthur Aaron Ellis and Morris William Ellis, both of Chicago, for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Following the institution of this suit by Catherine Zadura, as mother and next friend of Bruno Zadura, a minor, the latter reached maturity and was substituted as the plaintiff in the case. To avoid confusion, we have retained the original title. The action grows out of a collision between plaintiff, who was riding a bicycle, and an automobile driven by defendant. A verdict was rendered for $25,000. The court denied defendant's post-trial motions and entered judgment on the verdict, from which the defendant appeals. The grounds for reversal urged by the defendant are the following:

"1) The verdict was against the manifest weight of the evidence;
2) It was prejudicial error for the trial court to allow the plaintiff to interrogate the investigating police officer about whether the defendant had anything to drink, in the absence of any attempt by plaintiff to prove that defendant was intoxicated;
3) The trial court committed error in preventing the defendant from eliciting, on cross-examination, the balance of admissions attributed to him by a police officer during direct examinaton;
4) There was prejudicial error committed when the defendant was denied the right to take pre-trial depositions of the plaintiffs."

The facts follow.

On August 14, 1961, at 9:00 P.M., the defendant was driving his automobile in a southbound direction on Central Avenue, a north-and-south street in Chicago. He stopped for a red light at the intersection of Elston Avenue, which runs northwest-southeast and crosses Central Avenue at an obtuse angle. The drivers of vehicles traveling south on Central

Avenue, intending to angle southeast on Elston Avenue, have the benefit of a traffic signal which turns green before northbound Central Avenue traffic has a green light. The defendant came to the intersection, stopped for a red light, then started up, turning left onto Central Avenue. He proceeded to a point 100 to 180 feet from the corner where the collision occurred. The plaintiff, on a bicycle, was crossing Elston Avenue from south to north at a crosswalk 100 feet east of the intersection.

■■ Defendant urges that the verdict is against the manifest weight of the evidence. There is testimony in the record which supports plaintiff's contention that the defendant did not turn left the instant his light turned green, but that he delayed until northbound traffic also had a green light and had started to move forward; that he then cut the corner very sharply and collided with plaintiff. The jury evidently concluded that this was the way the accident occurred, and there was ample evidence to sustain their verdict.

■■■ As to the second point, the defendant urges that the trial court committed error in allowing into evidence the police officer's testimony regarding intoxicating drinks which the defendant told the officer he had consumed on the evening in question. As a general rule, interrogation about drinking, without subsequent proof of intoxication, may constitute reversible error. (*Clarke v. Rochford,* 79 Ill.App.2d 336.) It was the defendant's attorney who first introduced the question of the defendant's drinking when he told the jury the defendant had a beer on the night of the accident. This was done in his opening statement, thus opening the door for the plaintiff to go into the matter. (*Warp v. Whitmore,* 123 Ill.App.2d 157.) Defendant's opening statement was not evidence, but it was heard by the jury and could well have left an impression on them. It was therefore proper to allow plaintiff to put into evidence the defendant's admission that he had two drinks. Moreover, considering the custom of our time, this was not of any consequence.

The defendant further alleges that the trial court committed error in limiting cross-examination of the investigating police officer by defense counsel regarding the officer's conversation with the defendant. The trial court sustained an objection on the ground that defendant's statements would be hearsay as to plaintiff and not admissible as an exception to the hearsay rule because they were self-serving.

■■ The mere fact that the statements were hearsay and self-serving would not prevent their admission into evidence where the plaintiff has already introduced part of the conversation. (29 Am.Jur.2d § 599.) This assumes, however, that the statements sought to be admitted are relevant and needed for understanding facts already proved. (McCormick, Law of Evidence, 132 (1954).) It is indeterminable from the briefs in this case

which elements of the conversation were improperly excluded, and we are unable to find any offer of proof in the record. Thus, there is no showing that the statements were relevant, necessary to explain evidence previously admitted, or that the statements would not be prejudicial. Because of the foregoing, we find no error on this point.

■■ Finally, the defendant urges that there was a denial of proper pre-trial discovery of the plaintiffs. However, the record indicates that the defendant took the deposition of the plaintiff, Bruno Zadura. Indeed, it appears that portions of his deposition were read into the record for impeachment purposes. The deposition of Mrs. Zadura was not taken. When this suit was filed she was a named party, but only because plaintiff was a minor, and she brought this action as his next friend. Prior to the time for trial the complaint was amended and Bruno became the sole plaintiff. Mrs. Zadura was not an occurrence witness; hence, the failure to obtain her deposition was not an error of substance.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.