Lloyd LEVITT, Plaintiff-Appellee,

v.

H. J. JEFFRIES, INC., and Billy Merle Harding, Defendants-Appellants.

No. 73–1345.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 19, 1974.

Decided May 14, 1975.

Rehearing and Rehearing En Banc Denied June 20, 1975.

Gary D. Hesser, Danville, Ill., for defendants-appellants.

Harlan Heller, Mattoon, Ill., for plaintiff-appellee.

Before PELL, Circuit Judge, and CAMPBELL * and GRANT,** Senior District Judges.

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

** Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

GRANT, Senior District Judge.

Plaintiff herein was the operator of a Camaro automobile which collided with a semi-tractor and trailer owned by defendant H. J. Jeffries, Inc., and operated by defendant Harding. The accident occurred on January 4, 1970, at 11:00 O'clock P.M. The pavement was wet from traffic and melting snow. Defendants' tractor-trailer unit, weighing 46,000 pounds, was exiting from Interstate Highway No. 70 and at the area of the collision, after stopping at a stop sign at Illinois Route 32, was exiting from the cloverleaf, making a left hand turn on to Route 32, intending thereby to proceed North on Route 32. At the time of the collision, the tractor-trailer unit in the process of making its left hand turn, was blocking both lanes of traffic of this two-lane Route 32.

Plaintiff was driving his automobile South on Route 32. Route 32 is bridged over Interstate 70 at this point. The distance from the crest of the bridge over Interstate Highway 70 to the center of the exit ramp (being the approximate point of collision), is 942 feet. At the crest of that bridge the pavement is 15.8 feet higher than the level of the pavement at the point of impact.

Plaintiff and his passenger testified that the speed of their car was at no time more than 40 to 45 miles per hour. Defendant driver and his passenger testified that plaintiff's car approached the point of impact from the crest of the bridge in the range of 50–70 miles per hour.

Plaintiff and his passenger testified that after seeing the semi-unit in front of them the speed of their car was reduced to 20–30 miles per hour. Defendants testified that at no time did plaintiff's car reduce its speed after leaving the crest of the hill.

Plaintiff and his passenger testified that when they saw the truck they applied their brakes forceably, and continued to do so until point of impact. Officer Gillespie checked for skid marks 5 minutes after the accident occurred and found none. Defendant driver also checked for skid marks along with said officer, and found none.

Plaintiff testified that when he first saw the truck it was about 200 feet in front and had already crossed the center line of Route 32. Defendant driver testified that, after stopping for the stop sign at Route 32, he looked both right and left, saw no traffic approaching, and then entered Route 32, turning his tractor in a left hand turn and had attained a speed in low gear of 2.3 miles per hour in the distance of 40–45 feet he had traveled at the time of collision. Defendant operator further testified that he was just over the center line of Route 32 when he first saw lights of a car coming over the rise of the bridge.

With that background, the collision occurred when plaintiff's auto, while still in its proper lane for southbound traffic, struck the trailer broadside, moving its load (a truck weighing 15,000 pounds) 6 to 8 inches sideways.

At the time of trial the jury found the issues in favor of plaintiff and against the defendants and, also, answered a special interrogatory finding the plaintiff free from contributory negligence. One of the issues presented for review is whether the trial court erred in excluding certain evidence. For reasons hereinafter stated we find that the trial court did err and we reverse for a new trial.

At the beginning of the trial plaintiff filed a Motion in Limine requesting that defendants be required to refrain from showing, or attempting to show, the consumption of intoxicating beverages on the part of plaintiff, unless such evidence would establish intoxication. The defendants were not prepared to prove intoxication, and for that reason the Court granted this Motion and directed the defendants to refrain from offering any evidence with regard to the use of intoxicants. The Court's ruling was based on Warp v. Whitmore, 123 Ill. App.2d 157, 260 N.E.2d 45, which at page 48, contains the following language:

"Evidence of drinking of intoxicants will not, of itself, support a charge of intoxication, and plaintiff here did not introduce any evidence of intoxication apart from drinking."

Defendants on the other hand, contend that the Court erred in granting plaintiff's Motion in Limine and that they should have been permitted to introduce evidence concerning the plaintiff's consumption of intoxicants prior to the accident, as a circumstance to be weighed by the jury in their determination of the issue whether or not plaintiff exercised ordinary care for his own safety, or, whether he was contributorily negligent in failing to maintain a proper lookout of the roadway ahead and by failing to slow his car, or bring it to a stop, and avoid colliding with the tractor-trailer unit. In support of their position defendants argue that both the defendant driver and his passenger would testify that when they opened the door of the Camaro automobile following the collision they detected the strong smell of alcohol, and, further, that at a pre-trial deposition, the passenger Winkleman acknowledged that he and plaintiff had consumed a number of bottles of beer during a period of several hours prior to the accident.

█ We hold that the Court erred in granting the Motion and excluding this evidence from the consideration of the jury. A United States District Court sitting in a diversity case is not bound by Illinois law, but, rather, looks to Rule 43(a) F.R.Civ.P., which speaks to the admissibility of evidence in the United States Courts. Evidence is admissible if it meets any one of the three-pronged tests stated therein. Rule 43 is a rule of admissibility not a rule of exclusion, and the statute, rule, or prior practice that favors admissibility is the one that governs.[1]

█ In a diversity case where, as here, a state exclusionary rule would exclude evidence that the federal court otherwise would admit under Rule 43(a), the provisions of Rule 43(a) must govern and the state exclusionary rule will not be followed.[2]

Furthermore, it is noted that the new Rules of Evidence for United States Courts and Magistrates have been approved and promulgated and will become effective later this year. Rule 401 provides:

Rule 401. Definition of "Relevant Evidence."

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence".

Although Rule 401 is not yet effective, this Court, almost four years ago, suggested that the district courts in this Circuit should use the then proposed Rules of Evidence "as guidelines and at least given consideration in the exercise of their discretion in making evidentiary rulings. There, may, of course, be cases in which a proposed rule should not be followed. We have concluded, however, that this is not such a case".[3]

For the above reasons we hold that the granting of the Motion in Limine and the exclusion of the evidence of the consumption of intoxicants prior to the collision was an abuse of discretion, and we reverse for a new trial.

WILLIAM J. CAMPBELL, Senior District Judge (dissenting).

Under Illinois law, unless a party is prepared to introduce additional evidence tending to prove intoxication, testimony showing only that alcoholic beverages have been consumed is inadmissible.

---

1. See Wright and Miller, Federal Practice & Procedure, Sec. 2403 and cases cited therein.

2. See Wright and Miller, Federal Practice &, Procedure, Sec. 2403 and many analogous cases cited therein.

3. United States v. McCarthy, 445 F.2d 587 (7th Cir. 1971).

The basis for this rule was recently explained in Ballard v. Jones, 21 Ill.App.3d 496, 316 N.E.2d 281 (1974):

> "Evidence of intoxication is admissible in a personal injury action as tending to show the negligence of one of the parties. (South Chicago City Railway Co. v. Dufresne, 200 Ill. 456, 65 N.E. 1075.) . . . . However, drinking, standing alone, cannot be equated with intoxication, nor can the use of alcoholic liquor, standing alone, characterize a person as intoxicated. (Shore v. Turman, 63 Ill.App.2d 315, 210 N.E.2d 232.) Accordingly, questions cannot be asked which intimate to the jury that a party was intoxicated at the time of the accident unless there is supporting evidence (Clarke v. Rochford, 79 Ill.App.2d 336, 224 N.E.2d 679.); in the absence of supporting evidence, testimony concerning the drinking of intoxicants should be stricken (Warp v. Whitmore, 123 Ill. App.2d 157, 260 N.E.2d 45.), and under certain circumstances, may constitute reversible error notwithstanding a sustained objection." 316 N.E.2d at 286.

Jurisdiction of the district court in the instant case was based upon diversity of citizenship. The district judge chose to follow an established rule of the forum state, excluding testimony regarding the consumption of beer by the plaintiff because the defense conceded that it was not prepared to prove intoxication.

In arriving at the conclusion reached by the majority, it is necessary to conclude, first, that the district judge was not bound to follow an evidentiary rule of the forum state and, second, that the district court's election to apply the Illinois rule constituted an abuse of discretion.

As a general proposition, I agree that a federal court, sitting in a diversity case, is not bound to follow the forum state's rules of evidence. Rule 43(a) of the Federal Rules of Civil Procedure provides that:

> "All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs . . . .".

The "Notes of Advisory Committee on Rules" advise that Rule 43(a) modifies 28 U.S.C. § 1652[1] "insofar as that statute has been construed to prescribe conformity to state rules of evidence."

Under Rule 43(a), therefore, the district court is not bound to follow an evidentiary rule of the forum state where there exists a conflicting rule favoring reception of the evidence being offered. The majority, however, cites no decision or statute, in force at the time of the instant trial, which specifically would have allowed defendants to show that plaintiff had consumed beer prior to the accident, in the face of defendants' concession that they were not prepared to prove intoxication.[2] For this reason alone, I believe the district court properly applied the Illinois rule.

In the context of the present case, I believe the most that can be said is that the district court, in the exercise of its discretion, could have chosen to follow or to disregard the Illinois rule. I fail to see any basis for the majority's conclu-

1. 28 U.S.C. § 1652 provides as follows: "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

2. It would appear that there exists little authority contrary to the Illinois rule. As the

*Ballard* court observed, "we recognize that at the present time only the following cases support evidence of drinking in the absence of further evidence of intoxication: Maland v. Tesdall, 232 Iowa 959, 5 N.W.2d 327; Labrecque v. Donham, 236 Mass. 10, 127 N.E. 537; Sanders v. Armour & Co. (Mo.App.) 292 S.W. 443; Goettelman v. Stoen (Iowa), 182 N.W.2d 415." 316 N.E.2d at 286, n. 2.

sion that the district court, in effect, was bound to disregard Illinois law, and that application of the Illinois rule thus constituted an abuse of discretion. As is demonstrated by the near absence of any authority to the contrary,[3] the Illinois rule can hardly be viewed as some arbitrary aberration of the law. Equally significant is defendants' concession that they were not prepared to prove intoxication, since under Illinois law, proof of intoxication in a civil case is not a particularly onerous burden—a person is *intoxicated* "when as a result of drinking alcoholic liquor there is an impairment of his mental or physical faculties so as to diminish his ability to think and act with ordinary care."[4] In admitting that they were not prepared to prove intoxication, defendants thus conceded that they could not prove that consumption of beer by the plaintiff prior to the accident diminished his ability to think and act with ordinary care. Under these circumstances, I do not believe the district judge acted unreasonably in electing to follow the Illinois rule.

It matters little whether we, as an appellate court, agree with either the Illinois rule or the district court's decision to apply that rule. As a general proposition, district courts enjoy broad discretion with respect to relevancy determinations. I find no basis for concluding that the district judge abused his discretion in the instant case, and accordingly I would affirm the judgment of the district court.

Before FAIRCHILD, Chief Judge, SWYGERT, CUMMINGS, PELL, STEVENS, SPRECHER, TONE and BAUER, Circuit Judges, and CAMPBELL * and GRANT, Senior District Judges.*

### On Petition for Rehearing

On consideration of the petition for rehearing and suggestion that it be heard *en banc* filed in the above-entitled cause, a majority of the panel having voted to deny the petition for rehearing,[1] and a majority of the active members of the court having voted to deny a rehearing en banc,

It *is* ordered that the petition for rehearing and suggestion that it be reheard *en banc* be, and the same are hereby, denied.

While denying the petition for rehearing the opinion of this court heretofore entered on May 14, 1975 is clarified as follows:

"It is not the intention of this court to lay down a per se rule in federal court trials on the admission of evidence of the consumption of alcoholic beverages at a time shortly preceding an accident. In some instances, the amount of such beverages consumed will be sufficient in quantity as to make such evidence relevant and, therefore, admissible to be considered by the trier of fact pursuant to Rule 401, Federal Rules of Evidence, in its quest for the truth. On other occasions, the evidence may show such a minimal consumption or one so remote in time from the accident that it would be subject to exclusion on motion or objection because of a lack of relevancy. Conceivably situations could arise when the fact of consumption might be arguably relevant but the exercise of sound discretion would cause the district court to determine that the probative value is substantially outweighed by the danger of unfair prejudice pursuant to Rule 403, Federal Rules of Evidence.

"A determination of the admissibility of the evidence should be made on a case by case basis by the balancing of the factors stated. Such evidence under the Federal Rules of Evidence should not be automatically excluded nor should it be automatically admitted. We are

---

3. See, Note 2, *supra.*

4. Illinois Pattern Jury Instructions, Instruction No. 150.15.

* Senior District Judge William J. Campbell of the Northern District of Illinois and Senior District Judge Robert A. Grant of the Northern District of Indiana are sitting by designation.

1. Judge Campbell voted to grant the petition for rehearing.

merely holding in the present case that the evidence of the consumption of a number of drinks by the plaintiff at the time bordering on the period during which his conduct should have been the subject of scrutiny in litigation was such as to give the evidence sufficient relevancy as to preclude its not being made known to the trier of fact."