**UNITED STATES of America, Appellee,**

v.

**Dwayne ANDREWS, Appellant.**

**No. 90–1192EM.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1990.

Decided Nov. 27, 1990.

Charles E. Kirksey, Jr., St. Louis, Mo., for appellant.

John E. Hall, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, MAGILL and BEAM, Circuit Judges.

PER CURIAM.

Dwayne Andrews appeals his conviction for possession of heroin with the intent to distribute, in violation of 21 U.S.C. §§ 841 and 846. Andrews makes two evidentiary arguments on appeal: first, he argues that the district court[1] improperly admitted criminal profile evidence that denied him a fair trial; and second, he argues that the admission of hearsay evidence violated his sixth amendment confrontation right. Because both of the defendant's claims are without merit, we affirm his conviction.

I.

On April 26, 1989, Dennis Hearne, a United States Postal Inspector, noticed a suspicious overnight "Express Mail" package. The package fit the "Express Mail narcotic profile" because it originated in a known drug-source city, it was addressed to a private residence, it was bulky, and the handwritten address contained spelling errors. Consequently, the package was removed from the mail stream for further investigation. A specially trained police dog sniffed the package and indicated the presence of narcotics. A search warrant was obtained and the package was opened. The package contained five cellophane bags of black tar heroin. Four bags were placed in the custody of the DEA and the fifth was returned to the original package along with a special transmitting device which would be triggered when the package was opened.

Two days later, a controlled delivery was made, complete with undercover agents and a surveillance team. Even though Andrews did not live at the address on the package, he was in the apartment building when the mail carrier attempted to deliver the package. Andrews told the carrier that the package was for him and signed for it as "Dirk Williams." Shortly thereafter, Andrews left the apartment building with the package. The surveillance team followed him to another apartment building. Almost immediately after Andrews entered the building, the surveillance team received an electronic signal from the transmitter which indicated that the package had been opened. Upon that signal, Inspector Armstrong entered the building and started knocking on doors to locate Andrews. As Inspector Armstrong started up the stairs to the second floor, Gloria Allen came out of a first floor apartment and said, "The guy you're looking for is in the kitchen." Ms. Allen then let the officers into her apartment.

Both Andrews and the package were found in the apartment. The package had

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

been opened and the heroin removed. After obtaining Ms. Allen's consent, the police searched the apartment and found the heroin in a room readily accessible to Andrews.

Andrews was arrested and read his rights. Andrews told the police that he knew the package contained heroin and that he was supposed to leave it by a tree in a nearby park. He repeated this statement to another detective after he was taken to the Postal Inspector's office.

## II.

 Andrews first argues that the government improperly used the post office's Express Mail narcotic profile as substantive evidence of his guilt. At trial, the government asked Postal Inspector Hearne what drew his attention to the package in the first place. Inspector Hearne responded by describing how the package fit the Express Mail narcotic profile. Even though Andrews did not object to this testimony at the trial, he now claims that he was unfairly prejudiced by the "criminal profile" testimony. *Cf. United States v. Quigley*, 890 F.2d 1019, 1024 (8th Cir.1989) (court disapproved of comparison between defendant's characteristics and profile characteristics of drug couriers for purposes of showing defendant's guilt). Since Andrews failed to object to this error at trial, the plain error doctrine limits our review of it. Under this standard, an error is grounds for reversal only if it "prejudices the substantial rights of the defendant and would result in a miscarriage of justice if left uncorrected." *United States v. Carey*, 898 F.2d 642, 644 (8th Cir.1990) (citing *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1984)). Even if Andrews could identify a substantial right that was prejudiced by Hearne's testimony, the weight of the other evidence against him would prevent him from convincing this court that there has been a miscarriage of justice.

 Andrews also argues that his sixth amendment confrontation right was violated when the court permitted a government witness to present hearsay testimony to the jury. Andrews claims that Inspector Armstrong's testimony describing Ms. Allen's statement, *i.e.,* "The guy you're looking for is in the kitchen," was hearsay. The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Applying this definition to the facts refutes this claim. Inspector Armstrong did not offer Ms. Allen's statement as proof that Andrews was in the kitchen; rather, he was explaining the sequence of events which led him into the apartment. Even if one ignores the context of the statement and interprets Ms. Allen's statement as an allegation of guilt, the admission of this statement was harmless error because the judge instructed the jury on the nature of hearsay evidence almost immediately after the objection was raised. *See United States v. Bettelyoun*, 892 F.2d 744 (8th Cir.1989) (improperly admitted hearsay statement harmless error because court gave cautionary instruction and statement did not prejudice the jury). Furthermore, since the police had already identified both Andrews and the narcotics and since Andrews admitted knowing about the heroin, there is no doubt that this testimony did not bias the jury in a substantial way. In light of all the evidence against Andrews, the admission of Inspector Armstrong's statement was, at worst, harmless error.

## III.

Because the Express Mail narcotic profile claim was not plain error and since Inspector Hearne's testimony was not hearsay that disadvantaged Andrews, we affirm the district court.