**UNITED STATES of America, Appellee,**

v.

**James L. MILLER, Appellant.**

**No. 90–2236NE.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1991.

Decided March 26, 1991.

———

Phillip G. Wright, Omaha, Neb., for appellant.

Jan Sharp, Asst. U.S. Atty., Omaha, Neb., for appellee.

Before LAY, Chief Judge, FAGG and BOWMAN, Circuit Judges.

FAGG, Circuit Judge.

A jury found James L. Miller guilty of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and one count of using a firearm while committing the robbery in violation of 18 U.S.C. § 924(c). The district court sentenced Miller to consecutive thirty-month and sixty-month terms of imprisonment. Miller appeals his convictions and sentences. We affirm.

■ Miller first argues the district court committed error in refusing to suppress a gun bag, gun, and ammunition that police officers seized during a warrantless search of the common garage Miller shared with several other tenants of his apartment complex. Because a cotenant who shared the garage with Miller gave the police officers permission to search the garage, we conclude the officers' warrantless search of the garage was justified. *See United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974) (warrantless search justified when third party with common authority over premises gives permission to search).

■ Miller also argues the police should not have opened the gun bag without a warrant. We disagree. The district court found the bag's size and shape suggested it contained a gun, and correctly held the police did not need a warrant to open the

bag. *Arkansas v. Sanders,* 442 U.S. 753, 764 n. 13, 99 S.Ct. 2586, 2593 n. 13, 61 L.Ed.2d 235 (1979) (when contents can be inferred from outward appearance of container, no reasonable expectation of privacy in container exists). Having reviewed the record, we conclude the district court's finding is not clearly erroneous. *See United States v. Ware,* 890 F.2d 1008, 1011 (8th Cir.1989).

Miller next argues the district court committed error in admitting the testimony of an FBI agent relating to a statement Miller made when he was arrested. Miller argues the statement was not a confession under 18 U.S.C. § 3501, and the statement's probative value was substantially outweighed by the danger of unfair prejudice. Miller, however, did not object to the statement's admission at trial. Thus, we may review only for plain error. *See United States v. Andrews,* 919 F.2d 1328, 1330 (8th Cir.1990). In light of the overwhelming evidence of guilt in the record, we conclude the admission of the testimony did not amount to plain error.

Miller argues the district court improperly instructed the jury when it phrased the elements of the crimes using the disjunctive "or," as stated in 18 U.S.C. § 2113(a) and (d), rather than using the conjunctive "and," as stated in the indictment. We conclude there is no error. *See United States v. Hicks,* 619 F.2d 752, 758 (8th Cir.1980).

Miller's argument that the district court should have departed downward from his sentencing range based on his declining eyesight is not reviewable on appeal. *See United States v. Evidente,* 894 F.2d 1000, 1004 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). Finally, Miller's argument there was insufficient evidence to convict him is without merit.

Accordingly, we affirm.