UNITED STATES of America, Appellee,

v.

James OWENS, Appellant.

No. 91–1468.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1991.

Decided Jan. 8, 1992.

---

Stephen Gilmore, argued (Lawrence Lee, on the brief), St. Louis, Mo., for appellant.

Edward Rogers, Asst. U.S. Atty., argued, St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

James Owens appeals his conviction on one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1988), and one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). On appeal, Owens argues that: (1) the district court committed reversible error by conditionally admitting under the co-conspirator doctrine the hearsay statements of a government agent; and (2) the admission of these statements also violated Owens' sixth amendment right to confrontation. We affirm the judgment of the district court.[1]

The limited issues in this appeal make unnecessary a detailed recitation of the facts. Suffice it to say, a paid government informant, Ernestine Johnson, worked with the St. Louis Police Department to set up a buy-bust operation. Johnson and Mel Robbins, who was supposed to find the cocaine for Johnson, drove in Robbins' limousine to a St. Louis hotel and checked in. Lee Trammel, Robbins' limousine driver, then met appellant Owens at a McDonald's restaurant. Robbins and Trammel had earlier arranged the meeting with Owens.

Owens entered the limousine with a paper bag from a McDonald's restaurant. Trammel drove Owens to the hotel and took the bag to Robbins while Owens waited in the limousine. The bag, opened by Johnson in the hotel room, contained cocaine. An undercover detective working with Johnson then showed up to complete the purchase. The detective handed over $16,500. Owens, who had come to the hotel room, counted the money while Trammel kept a tally of the amount counted. As the undercover detective and Johnson left, the detective saw Owens put the money into the front of his pants.

A jury convicted Owens of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). This appeal followed.

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

## I.

Owens first argues that the district court committed reversible error by conditionally admitting under the doctrine of *United States v. Bell*, 573 F.2d 1040 (8th Cir.1978), testimony by Trammel recounting Johnson's statements after she opened the McDonald's bag in the hotel room. Owens asserts that as a paid government informant, Johnson cannot qualify as a co-conspirator. Under *Bell*, a co-conspirator's out-of-court statements can be admitted against the defendant "if the government demonstrates: (1) that a conspiracy existed; (2) that the defendant and the declarant were members of the conspiracy; and (3) that the declaration was made during the course and in furtherance of the conspiracy." *Id.* at 1043.

The district court, at the close of the government's case, made its ultimate *Bell* ruling, finding that while the evidence was sufficient to show a conspiracy among Owens, Robbins, and Trammel, it was insufficient to include Johnson in the conspiracy. The court refused the defense's motion for a mistrial, but issued a curative instruction telling the jury that any statements of Johnson that tended to incriminate Owens were stricken and should not be considered.

The challenged testimony is as follows:
Government: ... [W]ere you asked to do something at that point?
Trammel: Yes. Ernestine [Johnson] asked me to get some Purex.
Government: Okay. And what was the Purex to be used for?
Trammel: She told me that the Purex is used to test if [the drugs are] real or something.
Government: Okay. So it was used to test what you were bringing that was—
Trammel: Right.
Government: —Supposed to be cocaine. Now, did you do so?
Trammel: Yeah.

* * * * * *

Government: And what did she do with it?
Trammel: And she put it in a glass or something. So I asked her, "What is that for?" And she told me if it was real or something, that it'll go to the bottom or it'll change color.

Had the district court not issued a curative instruction directing the jury to disregard Johnson's statements, we would be confronted with a different issue than the one we now address. Under *Bell*, if a government has failed to show that the declarant was a co-conspirator, the district court can either declare a mistrial or give a curative instruction to the jury to disregard the challenged statements if such an instruction "would suffice to cure any prejudice." 573 F.2d at 1044. *See also United States v. Laurins*, 857 F.2d 529, 542 (9th Cir.1988), *cert. denied*, 492 U.S. 906, 109 S.Ct. 3215, 106 L.Ed.2d 565 (1989); *United States v. Williams*, 604 F.2d 1102, 1126 (8th Cir.1979).

Under the circumstances of this case, we conclude that the curative instruction sufficed to cure any possible prejudice. The evidence against Owens—including the earlier contacts with Robbins and Trammel, his arrival with the bag later shown to contain the cocaine, and his putting the $16,500 into his pants—was extensive. Moreover, Johnson's statements constituted but a small part of the government's case.

We conclude that the district court did not err by failing to declare a mistrial.

## II.

Owens next argues that the admission of Johnson's statements violated his right to confrontation.

Assuming that the conditional admission of the hearsay statements indeed violated the sixth amendment's confrontation clause, we conclude that no reversible error occurred. Again, we rely on the district court's curative instruction. We "normally presume that a jury will follow an instruction to disregard inadmissible evidence ... unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions." *Greer v. Miller*, 483 U.S. 756, 766 n. 8, 107 S.Ct.

**394**

3102, 3109 n. 8, 97 L.Ed.2d 618 (1987). *See also United States v. Adams*, 799 F.2d 665, 671 (11th Cir.1986) (when district court withdraws evidence from the jury with an instruction to disregard it, " 'the error is cured unless the evidence is so highly prejudicial as to render the error incurable' ") (quoting *United States v. Benz*, 740 F.2d 903, 916 (11th Cir.1984), *cert. denied*, 474 U.S. 817, 106 S.Ct. 62, 88 L.Ed.2d 51 (1985)), *cert. denied*, 481 U.S. 1070, 107 S.Ct. 2464, 95 L.Ed.2d 873 (1987).

We see no "overwhelming probability" that the jurors would have been unable to follow the curative instruction. Moreover, the disputed testimony constituted such a minor part of the evidence against Owens that we see no reason to conclude that the error was incurable. *See also United States v. Andrews*, 919 F.2d 1328, 1330 (8th Cir.1990) (per curiam) (if right to confrontation was indeed violated by admission of hearsay statement, error was harmless because court instructed jury on nature of hearsay evidence).

For the foregoing reasons, we affirm the judgment of the district court.