**UNITED STATES of America, Appellee,**

v.

**Frank Jayrold BETTELYOUN, Appellant.**

No. 89–5085.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1989.

Decided Dec. 27, 1989.

Patrick K. Duffy, Rapid City, S.D., for appellant.

Robert A. Mandel, Rapid City, S.D., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

Appellant Frank Jayrold Bettelyoun, a member of the Oglala Sioux Tribe and a resident of the Pine Ridge Indian Reservation, was found guilty by a jury of second degree murder, 18 U.S.C. §§ 1153, 1111, and use of a firearm in the commission of a felony, 18 U.S.C. § 924(c). Appellant was sentenced to life imprisonment on the murder charge, and under the dangerous special offender statute, 18 U.S.C. § 3575, appellant received an enhanced twenty-five year sentence on the use of a firearm count. Appellant now appeals his guilty verdict, arguing that prejudicial evidence was improperly admitted against him at trial. After a careful review of the record, we affirm appellant's conviction.

On October 10, 1986, appellant began drinking beer and wine coolers in the morning and continued drinking throughout the day. In the evening, appellant attended a party where he continued drinking. At some point during the evening, appellant left the party with a group of individuals to obtain more alcoholic beverages. On the way to the liquor store, appellant stopped at the home of Rhonda Three Stars, the mother of appellant's child.

Testimony at trial indicated that at approximately 9:45 p.m., while the others waited in the truck, appellant entered the Three Stars residence and began striking Three Stars, angry that another man was in her home. Appellant then pulled out a pistol, pointed it at Three Stars' head and said, "You are going to be the cause of this, bitch." After Three Stars begged for her life, appellant left. As he was getting into his truck appellant said, "Someone is going to die tonight."

After leaving Three Stars' home, appellant went to a liquor store and was angry and argumentative in dealing with the liquor store clerk, Lana Johnson. Johnson was frightened to the extent that she called her husband to come to the liquor store to make sure everything was all right and then to return to pick her up at closing time.

Appellant returned to the party and at 10:55 p.m. was seen standing outside with Maude Standing Bear, appellant's current lover. Seconds later a gunshot was heard and thereafter appellant was seen fleeing the scene of the incident. Approximately fifteen minutes later Maude Standing Bear was found dead.

After appellant had left her home, Three Stars went to the sheriff's office to file a complaint against appellant. While she was at the station, she heard a police radio broadcast come into the station indicating that appellant had shot a female. The female was identified as Maude Standing Bear.

The day after the murder appellant was apprehended and later released. About two weeks after Standing Bear's death, appellant said to Three Stars, "I did it for you." Three Stars understood this to be a reference to the murder of Standing Bear.

On May 18, 1988, appellant was indicted for the murder of Maude Standing Bear. Throughout the course of the proceedings appellant claimed that the victim committed suicide when, upon discovering that appellant was again involved with Three Stars, Standing Bear took the gun from appellant's waistband and turned it on herself.

In this appeal, appellant argues that two prejudicial evidentiary errors were made by the trial court which constitute reversible error. First, appellant asserts that the district court erred in admitting hearsay testimony by Rhonda Three Stars that while she was at the police station she heard a police radio broadcast indicating that appellant had shot a female. Over appellant's hearsay objection, the district court admitted the testimony, finding that the statement was not hearsay because it was not offered for the truth of the matter asserted but instead to show the sequence of events.

Appellant now argues that the hearsay testimony was not admissible under an established exception to the hearsay rule and its improper admission was so damaging and prejudicial as to require a reversal of the guilty verdict. According to appellant, the evidence was unduly prejudicial because there had been no eyewitnesses to Standing Bear's death and consequently

746

the police report served as conclusive evidence that appellant had murdered Maude Standing Bear. Appellant asserts that the trial court's attempt at a cautionary instruction to the jury was insufficient to overcome the prejudice resulting from the admission of the statement.

■ While we agree that the propinquity of events, including the assault on Three Stars, appellant's threatening statements and Standing Bear's death within approximately one hour, was relevant to the government's case, the prosecutor need not have introduced what was actually said in the radio report in order to show the timing of such events. We find no reason for admission of the statement that appellant had shot the victim other than for the truth of the matter asserted. The statement was, therefore, inadmissible hearsay.

■ Although we conclude that the hearsay statement was improperly admitted, we do not believe that the error was so prejudicial as to require reversal of appellant's conviction. First, the district court gave a cautionary instruction to the jury that the statement was not to be taken as proof of the fact that appellant had shot the victim. Second, because it was made clear at trial that there were no eyewitnesses present when Standing Bear was shot, the jury was aware that neither Three Stars nor the police officer who broadcast the message had any actual knowledge of who had killed Standing Bear. Instead, the effect of the police radio report was to show that appellant was an immediate suspect in Standing Bear's death. The testimony in this case was clear and undisputed that the investigation immediately focused on appellant as the person who had shot Standing Bear. Amy Richards, who found the victim's body, testified that she told a neighbor to call the police because appellant had shot Standing Bear. Presumably, this was the information that had been transmitted on the police radio call. Because the jury was already well aware that appellant was an immediate suspect in Standing Bear's death, we conclude that the admission of the hearsay statement was harmless error.

The second evidentiary ruling challenged by appellant is the admission of testimony by Rhonda Three Stars that appellant had assaulted her approximately one hour before Standing Bear's death. Appellant argues that this testimony was inadmissible "other crimes" evidence under Rule 404(b). The government asserts that the evidence of the assault on Three Stars was not admitted under Rule 404(b) but instead because it was "an integral part of the immediate context of the crime charged." *United States v. Bass*, 794 F.2d 1305, 1312 (8th Cir.), *cert. denied*, 479 U.S. 869, 107 S.Ct. 233, 93 L.Ed.2d 159 (1986).

Federal Rule of Evidence 404(b) states that evidence of "other crimes, wrongs, or acts" is not admissible to prove character, but is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R. Evid. 404(b). Other crimes evidence is admissible "if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act," *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988), and the evidence is otherwise admissible under the Federal Rules of Evidence. *United States v. Haynes*, 881 F.2d 586, 590 (8th Cir.1989).

■ This court has also approved the admission of evidence of other crimes where such evidence is "so blended or connected, with the one[s] on trial as that proof of one incidentally involves the other[s]; or explains the circumstances; or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged." *United States v. Bass, supra*, 794 F.2d at 1312 (citations omitted). In such a case the evidence of the other act is not considered extrinsic evidence and Rule 404(b) is not implicated. The evidence is therefore admissible when its probative value is not outweighed by its prejudicial effect. *Id.*

■ In the case before us, the evidence of the assault upon Three Stars is an integral part of the operative facts of the

crime charged and as such is not governed by Rule 404(b).[1] The weighing of probative value against prejudicial effect is committed to the sound discretion of the trial court, and we normally defer to its judgment absent an abuse of discretion. *United States v. Bass, supra,* 794 F.2d at 1312. We do not believe that under the facts of this case the probative value of the evidence was substantially outweighed by its prejudicial impact. Concluding that there was no abuse of discretion in admitting this evidence, we affirm the district court's judgment.

Based on the foregoing, we affirm appellant's conviction in all respects.

---

1. Alternatively, we find that the challenged evidence was probative of appellant's motive or plan and therefore is admissible under Rule 404(b).