Kasib T. BILAL, Plaintiff–Appellant,

v.

A.L. LOCKHART; W. Sargent; Larry Norris, Defendants–Appellees.

No. 92–1041.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1993.

Decided May 20, 1993.

Rehearing and Rehearing En Banc Denied June 30, 1993.

John R. Tisdale, Little Rock, AR, for plaintiff-appellant.

David B. Eberhard, Little Rock, AR, for defendants-appellees.

Before THEODORE McMILLIAN, Circuit Judge, C. ARLEN BEAM, Circuit Judge, and JEAN C. HAMILTON,* District Judge.

HAMILTON, District Judge.

Kasib Tauheed Bilal, an inmate at the Maximum Security Unit of the Arkansas Department of Correction, brought this 42 U.S.C. § 1983 action challenging Defendants' refusal to address him by his Muslim name. Bilal appeals from the district court[1] judgment entered for Defendants. We affirm.

On November 1, 1985, Bilal was sentenced to three consecutive sentences by the Pulaski County Circuit Court. The Arkansas Department of Correction (Department) received separate commitment orders with respect to each sentence. On each of the three orders, Bilal was identified as "Arthur Tyrone Strickland a/k/a Curtis Brown a/k/a Kasib Tauheed [T.] Bilal." On December 12, 1985, Bilal was sentenced to a separate twenty year sentence. The commitment order prepared in connection with that sentence identified Bilal as "Kasib Bilal a/k/a Tyrone Arthur Strickland a/k/a Robert Jennings."

---

* The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

Approximately nine years before the imposition of these sentences, Bilal had legally changed his name from Tyrone Strickland to Kasib Tauheed Bilal. Bilal's name change was associated with his conversion to the Muslim faith and Bilal believes that continued use of the name Tyrone Strickland denigrates his religious practices.

After entering prison, Bilal learned that he was identified as Tyrone Strickland in the prison records. Bilal refused to cooperate with orders directed to Tyrone Strickland and as a result he received numerous conduct violations. Bilal notified prison officials of his desire to be addressed as Kasib Bilal. He was informed that the Department committed name policy required that he be addressed as Tyrone Strickland. Bilal was also informed that errors on his commitment orders could be corrected by obtaining a corrected commitment from the sentencing court. On April 17, 1986, Bilal obtained an order from the Pulaski County Circuit Court which stated:

IT IS HEREBY ORDERED that all Arkansas Department of Corrections records, files, commitments, etc. reflect that Kasib Bilal is also known as Tyrone Strickland.

(Jt.App., Tab G) By memorandum dated April 30, 1986, Defendant A.L. Lockhart, Director of the Department, informed Bilal that department policy did not permit inmates to change their names while incarcerated. (Jt. App., Tab H)

Bilal filed this civil rights action in 1986. Bilal claimed that Defendants denied him the use of his Muslim name in violation of his rights under the First and Eighth Amendments to the United States Constitution. Prior to trial, Bilal filed a Motion in Limine asking the court to exclude testimony by Defendants concerning any unwritten commitment name policy. (Jt.App., Tab J) After hearing the testimony of Defendant Lockhart and the arguments of counsel, the court denied Bilal's Motion. In announcing its ruling, the court stated:

I think that this is something that the jury ought to hear and let them decide whether

or not this is a last minute effort to cope with the issues involved in this lawsuit. Of course, you are free to bring out how it has been implemented or applied, and then during closing argument, deal with it. I'm not persuaded that the probative value, invoking Rule 403 of the federal rules of procedure, that the probative value outweighs the unfair prejudice that would fall on Mr. Lockhart if the Court granted your motion.

TR. 59. The case proceeded to trial and the jury returned a verdict for Defendants.

On appeal, Bilal contends that the district court abused its discretion when it permitted Defendants to introduce testimony concerning the commitment name policy. Specifically, Bilal contends that the district court applied Fed.R.Evid. 403 incorrectly when it balanced the probative value of Defendants' evidence against the unfair prejudice to Mr. Lockhart if the evidence were excluded. In addition, Bilal maintains that the court failed appropriately to assess the prejudice to Plaintiff if the evidence were admitted.

The Federal Rules of Evidence generally provide for the admission of all relevant evidence. Fed.R.Evid. 402. However, the trial court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R.Evid. 403. " 'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* advisory committee notes.

The application of the Rule 403 balancing test is within the sound discretion of the trial court. *United States v. Barrett,* 937 F.2d 1346, 1348 (8th Cir.1991) *cert. denied,* —— U.S. ——, 112 S.Ct. 322, 116 L.Ed.2d 263 (1991); *United States v. Bettelyoun,* 892 F.2d 744, 747 (8th Cir.1989). We defer to the district court's decision absent a finding that the court abused its discretion. *Barrett,* 937 F.2d at 1348; *Bettelyoun,* 892 F.2d at 747.

 It is true that the trial judge in this case misstated the Rule 403 balancing test.[2]

---

2. The trial judge misstated Rule 403 when he suggested that the probative value of the commitment name policy testimony must be balanced

against the unfair prejudice to the Defendant Lockhart if the evidence were excluded. The relevant prejudice is the prejudice that would

However, this misstatement is not conclusive. We may affirm a district court judgment on any ground that is supported by the record. *Lane v. Peterson,* 899 F.2d 737, 742 (8th Cir.1990) *cert. denied,* 498 U.S. 847, 111 S.Ct. 134, 112 L.Ed.2d 101 (1990); *United States v. Wood,* 834 F.2d 1382, 1389 n. 4 (8th Cir.1987).

■ We find that the district court's decision to admit testimony concerning the unwritten commitment name policy was not an abuse of discretion. At trial, Defendants maintained that they refused to address Bilal by his Muslim name because the Department's unwritten commitment name policy required them to use the name on an inmate's commitment order.[3] This testimony is clearly relevant to a determination of whether Defendants refused to use Bilal's Muslim name with the intent to deprive him of his right to free exercise of his religion and his right to freedom from cruel and unusual punishment or whether Defendants were merely acting in accordance with long-standing policy and practice.

Bilal contends that he was prejudiced by the introduction of this evidence, in part, because the policy was unwritten. Bilal maintains that the fact that the policy was unwritten permitted Defendants to tailor their explanation of the policy to justify their actions in any given circumstance. In support of this contention, Bilal notes several inconsistencies in Defendant Lockhart's testimony. Bilal concludes that the district court's decision to admit the evidence afforded Defendants the opportunity to claim that their actions were all taken pursuant to governmental policy and that this claim reinforced the jury's natural tendency to credit the testimony of government officials over the testimony of a prison inmate.

Even assuming that reference to a governmental policy enhanced the credibility of Defendant Lockhart's testimony in the eyes of the jury, this does not constitute unfair prejudice for the purposes of Rule 403. A litigant's evidence is not prejudicial simply because it is damaging to his opponent's case. *United States v. Zimmerman,* 832 F.2d 454, 458 (8th Cir.1987) ("relevant evidence is inherently prejudicial"). As the district court noted, it was within the province of the jury to assess any inconsistencies in Defendant's testimony and to determine whether the commitment name policy actually existed and how it was applied. Under these circumstances, we conclude that the probative value of Defendants' evidence substantially outweighed any unfair prejudice to Bilal. Accordingly, we hold that the trial court did not abuse its discretion when it permitted Defendants to introduce testimony concerning an unwritten commitment name policy.

Although represented by appointed counsel, Appellant has filed an "Amendment to Brief in Support of Appeal." We have considered the arguments raised in that document and conclude that they are without merit.

For the foregoing reasons, we affirm.

---

befall the party invoking Rule 403 in the event that the evidence is admitted. *United States v. Johnson,* 934 F.2d 936 (8th Cir.1991). However, upon review of the district court's ruling, we note that the court focused on the Defendants need for the evidence, in other words, its high probative value. This factor is a permissible concern in applying the Rule 403 balancing test. *Herber v. Johns–Manville Corp.,* 785 F.2d 79, 83 (3d Cir.1986).

**3.** This policy is to be distinguished from the written commitment name policy that was at issue in *Salaam v. Lockhart,* 905 F.2d 1168 (8th Cir.1990) *cert. denied,* 498 U.S. 1026, 111 S.Ct. 677, 112 L.Ed.2d 669 (1991). The policy at issue in *Salaam* refused to recognize name changes that occurred while a prisoner was incarcerated.