Gary **HANSEN**, Plaintiff,

v.

**GENERAL MOTORS CORPORATION,**
Defendant.

No. 4:94CV2441 CDP.

United States District Court,
E.D. Missouri,
Eastern Division.

Jan. 5, 1996.

Preston E. Roskin, Kenneth A. Leeds, Clayton, MO, for plaintiff.

Dan H. Ball, Bettina L. Joist, Thompson and Mitchell, St. Louis, MO, Evan Burkholder, McGuire and Woods, Richmond, VA, for defendant.

## MEMORANDUM AND ORDER

PERRY, District Judge.

This automobile products liability case is before the Court on plaintiff Gary Hansen's motion in limine to exclude evidence of plaintiff's intoxication at the time of his accident, including a blood alcohol test taken at the hospital where he was treated. Although the Federal Rules of Evidence generally allow for the admission of relevant evidence, Rule 403 provides that such evidence may be excluded from trial if its probative value is substantially outweighed by the danger of unfair prejudice. The Court finds the evidence of plaintiff's intoxication at the time of the accident to be both relevant and probative and holds that its probative value outweighs the danger of unfair prejudice to the plaintiff. The motion in limine will therefore be denied.

### I. Facts

According to plaintiff's deposition testimony, he consumed more than one beer during his lunch break on May 8, 1991. Later that day, at approximately 5:30 p.m., plaintiff drove his Toronado to a business meeting, where, according to his testimony, he consumed two or three glasses of wine and one

glass of beer. The meeting ended at around 10:00 p.m.

Following the meeting plaintiff drove to Tom's Bar and Grill. Plaintiff admits to having consumed beer while at Tom's but cannot recollect exactly how much beer he drank. Plaintiff testified that before leaving Tom's he briefly spoke to Lisa Fuller in the parking lot next to the bar; Ms. Fuller had also been at the meeting and she knew plaintiff from prior occasions. At 1:30 a.m. on May 9, 1991, plaintiff pulled out of the parking lot to drive the approximately fifteen to twenty miles to his condominium complex in Maryland Heights. According to plaintiff, Ms. Fuller followed him most of the way because they were driving in the same general direction.

Plaintiff parked his car in the center median parking area at the condominium complex. Plaintiff testified that after shifting his car into the park position, he decided to listen to some talk-radio. Although plaintiff claims that he did not feel tired during his drive back from Tom's, he fell asleep in his still-running car with his seat-belt on while listening to the radio. Sometime after plaintiff fell asleep a fire erupted in the engine compartment of plaintiff's car, spread to the driver area, and seriously burned plaintiff.

After the burning vehicle was discovered by neighbors, fire department personnel were called to the scene. Plaintiff was discovered unconscious in the vehicle and removed by fire department personnel who transported him to St. John's Mercy Medical Center. Following his admission to St. John's, technicians performed a toxicology study consisting of a number of tests, including a blood analysis, on plaintiff. These tests were performed at approximately 4:00 a.m. on May 9, 1991.

The laboratory phlebotomist Michelle Hibbler collected and transported plaintiff's blood sample, which was then analyzed by chemistry technologist Paul Gyurki-kiss. St. John's toxicology report, performed several hours after plaintiff stopped drinking, shows a positive result for the content of alcohol at a level of 275.8 mg/dl ETOH, which is more than twice the level of legal intoxication (100.0 mg/dl ETOH) under Missouri law.

According to the affidavit of Jean Schroeder, the head of the St. John's lab, the blood analysis was performed using an Abbot ADX machine. Although the machine's calibration and maintenance records are unavailable because they have been disposed of in accordance with to St. John's routine retention policy, Ms. Schroeder stated that the results are accurate due to the laboratory's certified precision and St. John's standard operating procedures, including calibration requirements and quality control measures.

Defendant contends that plaintiff was highly intoxicated when he drove home in the early morning of May 9, 1991, that plaintiff passed out in his car with his foot on the gas pedal, thereby causing the car to overheat to the point of starting a fire in the engine, and that plaintiff was so intoxicated that he did not awaken once the fire ensued. To support its argument, defendant presents, *inter alia,* co-worker Fuller's affidavit in which she stated that she observed plaintiff drink alcohol at Tom's Bar and Grill and that plaintiff's demeanor and behavior was noticeably altered as a result of his drinking. Furthermore, Ms. Fuller stated that she considered plaintiff to be too intoxicated to drive and that, after plaintiff refused her offer to drive him home, she followed plaintiff's car in order to make sure he arrived home without accident; during his drive home, she observed him stop twice for no apparent reason.

## II. *Discussion*

Plaintiff argues that St. John's toxicology analysis should be excluded because there is no evidence that the Abbott ADX machine was properly calibrated and maintained at the time the blood analysis was conducted, thereby calling into question the accuracy of the test results. Plaintiff also argues that Ms. Fuller's testimony is based purely on "innuendo and conjecture" and therefore should be ruled inadmissible. According to plaintiff, Missouri law governing the admissibility of evidence of drinking rises to the level of substantive law and therefore cannot be displaced by the Federal Rules of Evidence in this diversity action under the doctrine of *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■ Issues of admissibility of evidence are questions of federal law. *Warner v. Transamerica Ins. Co.,* 739 F.2d 1347, 1351 n. 6 (8th Cir.1984); *see also* 19 C. Wright, *et al., Federal Practice and Procedure* § 4512 (1982) ("If a [Federal] Rule of Evidence covers a disputed point of evidence, the Rule is to be followed, even in diversity cases, and state law is pertinent only if and to the extent the Rule makes it so"). Accordingly, Rules 402 and 403 govern the admissibility of evidence of intoxication in the instant case. *See generally Levitt v. H.J. Jeffries, Inc.,* 517 F.2d 523, 525 (7th Cir.1975); *McInnis v. A.M.F., Inc.,* 765 F.2d 240, 245 (1st Cir.1985); *Huss v. United States,* 738 F.Supp. 1098, 1110 n. 25 (W.D.Mich.1990); *see also United States v. DuBois,* 645 F.2d 642, 643 n. 3 (8th Cir.1981) (discussing trial court's decision to deny defendant's motion to suppress test results showing defendant had alcohol in his system at the time of his automobile accident).

■ The Federal Rules of Evidence generally allow for the admission of all relevant evidence. *See* Rule 402; *see also Bilal v. Lockhart,* 993 F.2d 643, 644 (8th Cir.1993), *cert. denied, Kasib Tauheed Bilal v. Lockhart,* —— U.S. ——, 114 S.Ct. 326, 126 L.Ed.2d 272 (1993). Moreover, relevancy is determined according to federal law. *Adams v. Fuqua Industries, Inc.,* 820 F.2d 271, 273 (8th Cir.1987). Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, however. *See Bilal,* 993 F.2d at 644. The Court must conduct this balancing test outside of the presence of the jury. *See* Rule 104; *see also United States v. Holmes,* 822 F.2d 802, 806 (8th Cir.1987).

■ Both Ms. Fuller's testimony and the St. John's blood test are highly relevant to the instant case. Defendant's theory of the case is that plaintiff's intoxication, not some design defect in defendant's automobile, caused the fire in the vehicle and plaintiff's subsequent injuries. Defendant points out that even plaintiff's liability expert's deposition testimony supports this argument. Defendant also argues that intoxication also explains plaintiff's inability to awaken once the fire began, and thus is relevant to the cause of plaintiff's injuries.

■ Plaintiff's main argument that blood alcohol evidence should be excluded is that calibration records for the testing equipment are not available. Plaintiff relies on state breathalyzer regulations for this argument. Plaintiff also, in a supplemental brief recently filed, argues that state regulations and statutes regarding foundational requirements for blood samples must control the decision here. Missouri statutes and regulations regarding calibration of breathalyzer test equipment have no application to this case, contrary to plaintiff's argument. Additionally, Missouri's statutes regarding procedures for drawing blood do not rise to the level of substantive law such that they would supersede the Federal Rules of Evidence in this diversity case. To the contrary, if the "tests performed for blood-alcohol were done by a competent chemist, using accepted procedures and facilities", then they are both material and relevant in an automobile case such as this. *Gardner v. Meyers,* 491 F.2d 1184, 1189 (8th Cir.1974); *see also United States v. Two Bulls,* 918 F.2d 56, 60 (8th Cir.1990); *Ballou v. Henri Studios, Inc.,* 656 F.2d 1147, 1155 (5th Cir.1981).

Here, the director of St. John's Laboratory Services, Jean Schroeder, stated in her affidavit that the technicians performing the tests on plaintiff's blood were trained professionals who performed the tests according to standard operating procedures, including the calibration requirements and quality control measures. Ms. Schroeder furthermore stated that St. John's Laboratory is certified to perform these types of blood alcohol tests. The Court therefore finds the test results to be both relevant and probative.

Turning to the evidence of Ms. Fuller's observation of plaintiff's behavior during the night in question, plaintiff argues that Missouri courts have found evidence of "mere drinking" to be inadmissible, absent other evidence of erratic driving. As set out above, the Federal Rules of Evidence, not Missouri case law, govern the admissibility determination here. In any event, Ms. Fuller's testimony provides far more than evi-

dence of "mere drinking." That she felt compelled to offer plaintiff a ride home for fear that he was too intoxicated to drive, given her prior knowledge of him and her opportunity to observe his behavior and his demeanor during the evening in question, is strong evidence of impaired behavior, not simply "mere drinking." After plaintiff refused her offer, Ms. Fuller followed plaintiff in her own car to make sure that he arrived home without problems; during this drive to plaintiff's home, plaintiff apparently stopped at two separate locations for no reason. The Court finds that Ms. Fuller's testimony is both relevant and probative as to plaintiff's intoxication at the time of his accident. *See generally Diaz v. Faulkner*, 293 F.2d 286, 288 (6th Cir.1961) (finding that witnesses who testified that defendant "was loaded" were adequately qualified to testify about defendant's intoxication because they knew defendant prior to the night in question and because they observed defendant's appearance and behavior on the night in question).

Finally, the Court concludes that the probative value of this evidence substantially outweighs any danger of unfair prejudice to the plaintiff from admission of the evidence. The advisory committee has defined "unfair prejudice" under Rule 403 as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See* Rule 403 advisory committee's note, *cited in United States v. Roenigk*, 810 F.2d 809, 814 (8th Cir.1987). Here, admission of the evidence, although obviously prejudicial to plaintiff's case, is not unfairly so, as it does not suggest decision on any improper basis. The Court concludes, in fact, that not allowing the evidence to be presented would be manifestly unfair to defendant. *See generally Ballou*, 656 F.2d at 1155 (finding that whatever slight possibility there may be that plaintiff's intoxication may adversely affect the jury's deliberation on issues other than plaintiff's contributory negligence, did not substantially outweigh the "high relevance and probative value of the evidence [of plaintiff's intoxication as evidenced by a blood alcohol test]"); *Keltner v. Ford Motor Co.*, 748 F.2d 1265, 1269 (8th Cir.1984).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion in limine to exclude evidence of plaintiff's intoxication [# 12] is denied.