79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wade Donzell STEVENSON, Defendant-Appellant.
 No. 95-50109.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1996.**
Decided March 19, 1996.
 
 1
 Before: PREGERSON and T.G. NELSON, Circuit Judges, and LYNCH,*** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 The defendant, Wade Donzell Stevenson, was convicted by a jury of possession with intent to distribute and distribution of cocaine base. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and we affirm.
 
 A. Evidentiary Rulings
 1. Standard of Review
 
 4
 We review a district court's decision to admit evidence for abuse of discretion. United States v. Warren, 25 F.3d 890, 894 (9th Cir.1994). "Whether evidence is 'other crimes' evidence within the meaning of Rule 404(b) is a question of law that is reviewed de novo." Id. at 895.
 
 
 5
 We can affirm admission of the evidence on a theory that would have justified admission of the statements even if that theory was not relied upon by the district court. United States v. Nazemian, 948 F.2d 522, 530 (9th Cir.1991), cert. denied, 506 U.S. 835 (1992).
 
 2. Exhibit 3
 
 6
 The defendant claims that the district court erred in admitting into evidence the final comments at the end of the tape marked Government's Exhibit 3. This claim lacks merit.
 
 
 7
 Although Exhibit 3 was entered into evidence, it was never heard by the jury. Thus, the admission of Exhibit 3 could not have affected the jury's decision and could not have possibly prejudiced the defendant. Any error that may have existed was therefore harmless and cannot constitute grounds for reversal. See Fed.R.Crim.P. 52(a); United States v. Bettelyoun, 892 F.2d 744, 746 (9th Cir.1989).
 
 3. Exhibits 6, 6a, 7, 7a, 8, 8a, 9 and 9a
 
 8
 The defendant claims that the district court erred in admitting into evidence the initial comments of Officer Debra Delgado on Government's Exhibits 6, 6a, 7, 7a, 8, 8a, 9 and 9a.
 
 
 9
 Even assuming, without deciding, that admission of Officer Delgado's statements that she was going to call "Chuckie Wade Stevenson" was erroneous, any error was harmless and therefore cannot constitute grounds for reversal. See Fed.R.Crim.P. 52(a); United States v. Bettelyoun, 892 F.2d 744, 746 (9th Cir.1989). Officer Delgado testified at trial that the person she referred to as "Chuckie" was the defendant, Mr. Wade Stevenson. She further testified that at one of her meetings with the defendant, "Chuckie" was wearing a shirt with the name "Wade" on it. Thus, there was testimony at trial that linked the defendant, Wade Stevenson, to the person that Officer Delgado stated she intended to call as "Chuckie."
 
 4. Testimony Regarding June 17, 1993
 
 10
 The defendant claims that the district court erred in allowing testimony regarding alleged activity on June 17, 1993. According to the defendant, because Agent Hidalgo had testified that his aim in working undercover on June 17 was to purchase narcotics from known or suspected drug dealers in the area, the testimony that Agent Hidalgo saw the defendant on that date constituted testimony regarding other crimes, wrongs or acts and was therefore inadmissible under Fed.R.Evid. 404(b). This claim lacks merit.
 
 
 11
 No evidence relating to the defendant's crimes, wrongs or acts that may have occurred on June 17, 1993, was ever introduced or admitted into evidence. Agent Hidalgo's testimony was limited to his statement that he saw the defendant on June 17 while working undercover as a cab driver and that he recognized the defendant as the person known as Wade Donzell Stevenson. This testimony was not improper character evidence under Rule 404(b). Therefore, the admission of this evidence was not an abuse of discretion.
 
 B. Jury Instruction
 
 12
 The defendant claims that the jury instructions did not sufficiently cover his theory of defense. This claim lacks merit.
 
 
 13
 We review de novo whether jury instructions adequately cover the defense theory. Warren, 25 F.3d at 895. The giving of a jury instruction is discretionary and it is not necessary for a district court to give an eye witness identification instruction if the issue is covered by other instructions. See United States v. Field, 625 F.2d 862, 872 (9th Cir.1980).
 
 
 14
 In the present case, the defense theory was that the identification testimony was weak and that the Government had not proven its case beyond a reasonable doubt. The defendant requested the court to give a lengthy and involved jury instruction concerning eye witness identification, and the district court refused. However, the court specifically stated that defense counsel could use the proposed instruction in closing argument.
 
 The district court instructed the jury to:
 
 15
 Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters.... [G]ive the testimony of each witness such credibility, if any, as you may think it deserves.
 
 
 16
 The district court's instructions, as a whole, adequately covered the defendant's theory of the case. Therefore, the district court's refusal to give the defendant's proposed eyewitness identification instruction was not erroneous. See Field, 625 F.2d at 872.
 
 C. Cumulative Error
 
 17
 Because the only arguable error committed by the district court was the admission of Officer Delgado's statement that she was calling "Chuckie Wade Stevenson," there is no cumulative error.
 
 
 18
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 ***
 Hon. Eugene F. Lynch, United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3