# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3749

_____

United States of America

*Plaintiff - Appellee*

v.

Orlando James Lasley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska

_____

Submitted: October 24, 2018
Filed: February 27, 2019
[Published]

_____

Before ERICKSON, BEAM, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Orlando James Lasley appeals from his assault convictions, arguing that the district court erred by admitting certain evidence and by constructively amending the indictment through a supplemental jury instruction. We agree the jury instruction constructively amended the indictment, and therefore vacate Lasley's conviction and remand for a new trial.

# I. Background

Lasley and his girlfriend Marlena Griffin ("Marlena") lived in the garage of his mother's house on Skunk Hollow Road in Macy, Nebraska. Lasley and Marlena had dated for four to five years and lived together for a couple of years. On the night of June 3, 2017, Marlena suffered an eye injury and a broken arm that she alleged Lasley inflicted on her. Lasley conceded that he inflicted the eye injury but disputed that he broke her arm.

In July 2017, a grand jury indicted Lasley on two counts: (1) assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153, and (2) assault of an intimate partner and dating partner resulting in substantial bodily injury, in violation of 18 U.S.C. §§ 113(a)(7) and 1153.

On September 11, 2017, Lasley filed a motion in limine, which in relevant part sought to entirely exclude testimony from Marlena's sister Renee (because she was only disclosed as a witness on September 7, 2017) or at least to exclude her testimony about what a minor, J.B., told her, on the basis it was inadmissible hearsay and excludable under Fed. R. Evid. 403. The district court denied the motion without prejudice to renewing the objection at trial.

Trial began on September 12, 2017. Several witnesses testified about the night in question, but the only corroboration for Marlena's version of events was her sister Renee's recollection of a statement by J.B. Specifically, Renee recalled that J.B. said, "You need to go check on your sister at my grandma's 'cause my uncle was beating her up behind my grandma's." At a sidebar, Lasley objected to the evidence, and the Government argued it could demonstrate the statement was an excited utterance, or alternatively, could offer the statement as an explanation of "why [Renee] did what she did at the residence." The district court stated that after hearing Marlena's

testimony, it had no reason to believe that J.B. witnessed anything in the bedroom such that it would be an excited utterance, but the district court would admit the statement as a basis for Renee's later conduct with a limiting instruction to that effect. Lasley objected to the latter ruling.

During deliberations at the end of trial, the jury asked the district court: "The jury would like to know does [sic] the face injury enough to convict on Both counts or is the arm one count and eye another count." The district court answered, over Lasley's objection, "You may consider any injuries allegedly suffered by Marlena Griffin in connection with both counts." After further deliberation, the jury found Lasley guilty on both counts.

Lasley timely appealed, asserting the district court erred in overruling both of his objections discussed above. He seeks a new trial on the bases that (1) the district court's answer to the jury's question constructively amended the indictment and (2) J.B.'s statement offered through Renee's testimony was inadmissible hearsay that substantially affected the verdict.

## II. Analysis

### A. Constructive Amendment of the Indictment

We first address Lasley's challenge to the instruction given to the jury in response to its question regarding what injury or injuries it could consider. This court reviews jury instructions for abuse of discretion. *United States v. Jenkins*, 792 F.3d 931, 935 (8th Cir. 2015) (reviewing supplemental jury instruction). "[C]onstitutional problems may arise if a variance or a constructive amendment to the indictment occurs." *United States v. Starr*, 533 F.3d 985, 996–97 (8th Cir. 2008). "A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner . . . that the jury is allowed to convict

-3-

the defendant of an offense different from or in addition to the offenses charged in the indictment." *Id.* at 997 (quoting *United States v. Whirlwind Soldier*, 499 F.3d 862, 870 (8th Cir. 2007)). "In reviewing an appeal based on a claim of constructive amendment, we consider whether the admission of evidence or the jury instructions created a substantial likelihood that the defendant was convicted of an uncharged offense." *Id.* (quoting same).

When the district court instructed the jury that it was not limited to the arm injury, the district court constructively amended the indictment to include assault counts based on the eye injury. Count I states Lasley "did kick and strike M.G., causing extreme pain and breaking M.G.'s arm, by causing an ulnar fracture." ECF No. 1 at 1. Count II similarly states Lasley "did kick and strike M.G., breaking M.G.'s arm, by causing an ulnar fracture." *Id.* We do not fault either the jury or the district court for the apparent confusion over the wording and structure of the indictment. However, based on the text of the indictment, and in light of Sixth Amendment concerns that would be implicated by affording the text a meaning broader than its plain terms, we read both of these counts as specifying the arm injury. Thus, when the jury asked, "does [sic] the face injury enough to convict on Both counts or is the arm one count and eye another count," the district court should have instructed the jury that it needed to consider the arm injury on both counts. Instead, the district court instructed, "You may consider any injuries allegedly suffered by Marlena Griffin in connection with both counts." In fairness to the district court, the instruction was likely proper on the statute charged. Because the indictment carried further limitations than the statute, though, the instruction constructively amended the indictment.

We need not resolve whether constructive amendment is error per se or is reviewed for harmless error because we would find reversible error even if harmless

-4-

error analysis were necessary.[1]   As the Fifth Circuit has explained, "[a general unanimity] instruction will be inadequate to protect the defendant's constitutional right to a unanimous verdict where there exists a 'genuine risk that the jury is confused or that a conviction may occur as the result of different jurors concluding that a defendant committed different acts.'"  *United States v. Holley*, 942 F.2d 916, 926 (5th Cir. 1991) (quoting *United States v. Duncan*, 850 F.2d 1104, 1114 (6th Cir. 1988)).  The jury's question strongly suggests that it was confused about which injuries were part of the indictment.  By expanding the cognizable injuries for conviction, the district court allowed the jury to convict Lasley based on either (1) his admitted conduct rather than the charged injury or (2) a mixture of both.  Either result was prejudicial to Lasley because his defense strategy was admitting he caused the eye injury that was not charged in the indictment.  Thus, reversal and a new trial are warranted here.

Because we are ordering a new trial, we will briefly address the other issue on appeal.  *See MDU Res. Grp. v. W.R. Grace & Co.*, 14 F.3d 1274, 1282 (8th Cir. 1994) (providing comments as guidance for a new trial); *Henry v. Chloride, Inc.*, 809 F.2d 1334, 1343 (8th Cir. 1987) (addressing secondary issue on appeal as guidance for a new trial).

---

[1]This court has repeatedly said that "a constructive amendment is reversible error per se," *United States v. Johnson*, 719 F.3d 660, 668 (8th Cir. 2013) (quoting *United States v. Farish*, 535 F.3d 815, 822 (8th Cir. 2008)), although at least one panel has observed that the per se rule exists only in repeated dicta and may be inconsistent with Supreme Court precedent, *United States v. Gill*, 513 F.3d 836, 850 (8th Cir. 2008).  If constructive amendment is not error per se, then this court would review it for harmless error.  *See Gill*, 513 F.3d at 850.

**B.    Hearsay Testimony**

This court reviews evidentiary rulings for abuse of discretion. *United States v. Lomas*, 826 F.3d 1097, 1105 (8th Cir. 2016) (reviewing evidentiary rulings). In addition, "[a] district court's error in admitting hearsay evidence is harmless if the 'error did not influence or had only a very slight influence on the verdict.'" *Id.* (quoting *United States v. Burch*, 809 F.3d 1041, 1045 (8th Cir. 2016)).

J.B.'s statement was inadmissible hearsay because her actual words were unnecessary to prove why Renee went to her sister's house and because the Government's only plausible purpose for introducing the actual words was to prove the truth of the matter asserted. We have previously found testimony to constitute inadmissible hearsay when "the prosecutor need not have introduced what was actually said" in order to prove the supposed fact at issue. *United States v. Bettelyoun*, 892 F.2d 744, 746 (8th Cir. 1989). In *Bettelyoun*, a witness testified she heard on a radio at the police station that the defendant shot a female. *Id.* at 745. The district court admitted the testimony to show the sequence of events. *Id.* This court stated that the content of the radio message was unnecessary to show the timing of events and found that admission of the message was error. *Id.* at 746. Similarly, in this case, a general explanation that J.B. told Renee to check on her sister would have accomplished the same purpose without unfair prejudice. Thus, we find the Government offered the evidence for the truth of the matter asserted despite the supposed limited purpose.

Whether admission of this hearsay evidence was harmless error is a close question. On two prior occasions, we have stated inadmissible hearsay recollecting a victim's prior statement was not harmless where it was the only evidence corroborating the victim's trial testimony. *See United States v. Bercier*, 506 F.3d 625, 633 (8th Cir. 2007); *United States v. Kenyon*, 397 F.3d 1071, 1082 (8th Cir. 2005). The hearsay evidence here recollected J.B.'s alleged statements, not Marlena's,

distinguishing those cases. The district court here also gave a limiting instruction on the statement, and we presume juries follow instructions in a criminal case. *United States v. Levine*, 477 F.3d 596, 604–05 (8th Cir. 2007). Lasley argues that we should adopt the rule from one of our sister circuits that a limiting instruction is unlikely to protect against highly prejudicial information when that information went to the heart of the prosecution's case. *See United States v. Nelson*, 725 F.3d 615, 622 (6th Cir. 2013). We need not decide, however, whether to adopt the Sixth Circuit's rule today because we are reversing on other grounds.

## III. Conclusion

The supplemental instruction to the jury constructively amended the indictment. Consequently, we vacate Lasley's conviction and remand the case for a new trial.

_____