# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1328
_____

United States of America

*Plaintiff - Appellee*

v.

Neeraj Chopra

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 21, 2022
Filed: May 15, 2023

_____

Before KELLY, WOLLMAN, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Neeraj Chopra was indicted and convicted for abusive sexual contact, 18 U.S.C. § 2244(b), 49 U.S.C. §§ 46501(2)(A), 46506(1). Chopra moved for a new trial, arguing that the district court constructively amended his indictment in

violation of his right to a grand jury.  The district court[1] denied the motion, and we affirm.

## I.

Chopra was indicted for abusive sexual contact under 18 U.S.C. § 2244(b), which criminalizes "knowingly engag[ing] in sexual contact with another person without that other person's permission."  Section 2246(3) defines sexual contact broadly and includes six different locations where it might occur.  The indictment charged Chopra with a specific form of sexual contact, "touching [a victim's] groin over his clothing."  The Government did not define "groin" for the grand jury.

To match the indictment, the final jury instructions limited the definition of "sexual contact" to the groin.[2]  The Government suggested including a definition of "groin" for the jury.  Chopra argued that groin should not be defined because it was not defined for the grand jury.  Ultimately, the district court adopted the American Heritage Dictionary's definition of groin as the "crease or hollow at the junction of the inner part of each thigh with the trunk, together with the adjacent region and often including the external genitalia."  The jury convicted.

Chopra moved for a new trial, arguing that the district court constructively amended the indictment by providing a definition of groin that included genitalia.  According to Chopra, his Fifth Amendment right to a grand jury was violated because the jury could have convicted him of a different offense (touching the genitalia) than the one he was indicted for (touching the groin).  The district court denied the motion, explaining that "[b]ecause the indictment charged Chopra with

___

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

[2]Before trial, the parties mistakenly submitted joint jury instructions that more broadly defined "sexual contact."  These proposed instructions did not match the indictment because "sexual contact" was not limited.  On the second day of trial, Chopra alerted the court to the mistake, and the court limited the definition of "sexual contact" to the groin.

touching the victim based on the ordinary meaning of groin, providing the jury with a dictionary definition of groin did not constructively amend the indictment."

## II.

It is unclear what standard of review we apply to constructive amendment claims. *United States v. Shavers*, 955 F.3d 685, 693 (8th Cir. 2020). "Some panels of this Court have applied an abuse of discretion standard while others have applied *de novo* review." *Id.* (cleaned up). We do not resolve the conflict here because we affirm under both standards.

A constructive amendment violates a defendant's right to a grand jury. *United States v. Collins*, 350 F.3d 773, 775 (8th Cir. 2003). "An indictment is constructively amended when the essential elements of the offense set forth in the indictment are altered, either actually or in effect, by the prosecutor or the court after the grand jury has passed upon them, thereby creating a substantial likelihood that the . . . jury convicted the defendant of an offense that the grand jury had not charged." *United States v. Mariano*, 729 F.3d 874, 880 (8th Cir. 2013) (cleaned up). Here, Chopra was indicted for abusive sexual contact with the victim's "groin over clothing" and was found guilty of the same offense.

Because "groin" was not defined for the grand jury, we assume that the grand jury relied on its ordinary meaning. *See generally United States v. Jungers*, 702 F.3d 1066, 1071 (8th Cir. 2013) ("When a word is not defined by statute, [the court] normally construe[s] it in accord with its ordinary or natural meaning." (quoting *Smith v. United States*, 508 U.S. 223, 228 (1993)). And at trial, the district court gave the jury a dictionary definition of "groin," reflecting the term's ordinary meaning. *See Iverson v. United States*, 973 F.3d 843, 847 (8th Cir. 2020) ("Ordinarily, a word's usage accords with its dictionary definition." (cleaned up)). The district court did not allow the jury to convict Chopra of a different crime than the one he was indicted for; the court's definition of "groin" only clarified the term. *See United States v. Cruz-Zuniga*, 571 F.3d 721, 725 (8th Cir. 2009) ("The district

court has wide discretion in formulating appropriate jury instructions." (citation omitted)).

Chopra argues that the definition in the jury instruction rendered "genitalia" superfluous in the statute because every touching of genitalia would also be touching someone's "groin."[3] We disagree. The district court's definition indicated that the groin "often" includes the genitalia, which is different than the groin always including the genitalia. These terms naturally overlap as a function of human anatomy. *See generally Loughrin v. United States*, 573 U.S. 351, 358 n.4 (2014) (noting that overlap is "not uncommon in criminal statutes.").

Next, Chopra argues that the six locations outlined in § 2246(3) are discrete, so referencing one location (genitalia) in the definition of another (groin) constructively amends the indictment. We again disagree. If this were true, then a separate part of the court's definition—"[t]he crease or hollow at the junction of the *inner part of each thigh* with the trunk . . ."—would have the same problem because it references the "inner thigh," one of the six locations defined in § 2246(3). Chopra points to *United States v. Burch*, where the court conformed the jury instructions to the indictment by limiting the definition of "sexual contact" to what was alleged in the indictment ("touching of the genitalia"). 72 F. Supp. 3d 1235, 1238 (N.D. Okla. 2014). But *Burch* only supports that each § 2246(3) location is narrower than "sexual contact," not that each location is independent of each other. Indeed, the district court followed *Burch* when it conformed the jury instructions to the indictment by limiting the definition of "sexual contact" to what was alleged in the indictment ("touching of the groin").

III.

---

[3]Chopra relies on *Bailey v. United States*, where the Court held that "use" and "carry" in a statute that made it a crime to "use[] or carr[y] a firearm" had different meanings. 516 U.S. 137, 138, 150 (1995) (citation omitted). But in *Bailey*, the court rejected an expansive definition of "use" that departed from its ordinary meaning. *Id.* at 145, 150. Here, the district court gave "groin" its ordinary meaning.

The district court is affirmed.

KELLY, Circuit Judge, dissenting.

Federal law criminalizes "knowingly engag[ing] in sexual contact with another person without that other person's permission." 18 U.S.C. § 2244(b). "Sexual contact" is expressly defined in relevant part as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person." Id. § 2246(3). Neeraj Chopra was charged with violating § 2244(b) for "touching . . . over clothing" one of those enumerated body parts—namely, his male victim's "groin." Yet at trial, the jury was instructed that it could find Chopra guilty if he intentionally touched the victim's "groin" *or* "genitalia," even though the indictment did not charge Chopra with touching that second body part. Under our case law, such a post-indictment expansion of the potential basis for a guilty verdict amounts to an unconstitutional constructive amendment. See United States v. Joiner, 39 F.4th 1003, 1011 (8th Cir. 2022) ("A constructive amendment of an indictment is a direct violation of a defendant's Fifth Amendment right to be charged by a grand jury . . . .").

As we have explained, "[a] constructive amendment occurs when the essential elements of the offense *as charged in the indictment* are altered in such a manner . . . that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged in the indictment." Id. at 1010–11 (quoting United States v. Whirlwind Soldier, 499 F.3d 862, 870 (8th Cir. 2007)). And when the potential bases for conviction provided in jury instructions are different from the ones charged in the indictment, that is a constructive amendment. See United States v. Shavers, 955 F.3d 685, 694 (8th Cir. 2020) (noting that a constructive amendment "often occurs 'through the evidence presented at trial or the jury instructions.'" (quoting Whirlwind Soldier, 499 F.3d at 870)); United States v. McDill, 871 F.3d 628, 631 (8th Cir. 2017) ("It is axiomatic that a defendant may not be tried on charges that were not made in the indictment.").

In this case, Chopra's indictment alleged that he unlawfully touched only one of the six body parts enumerated in § 2246(3)—specifically, his victim's "groin." Yet the final jury instructions expanded the potential bases for conviction to include the unlawful touching of a second enumerated body part—the victim's "genitalia"— as well. And that expansion of the indictment's text was not immaterial. While the precise location of a person's "groin" might be somewhat unclear, the same cannot be said about the location of a male's "genitalia." Moreover, the government gave the latter term prominence at trial by repeatedly asserting that Chopra had touched his victim's penis.[4] The jury could have therefore convicted Chopra for unlawfully touching his victim's "genitalia"—the more readily identifiable body part of the two included in the jury instructions—in order to avoid the arguably harder task of assessing what constituted the victim's "groin" and whether Chopra touched it. Yet "genitalia" appears nowhere in Chopra's indictment.

Given the likelihood that the jury convicted Chopra of committing a criminal act for which he was not charged, the jury instructions here constructively amended Chopra's indictment. See United States v. Lasley, 917 F.3d 661, 664 (8th Cir. 2019) (per curiam) (concluding that a jury instruction allowing for a conviction based on a bodily injury not charged in the indictment amounted to a constructive amendment); United States v. Gill, 513 F.3d 836, 849 (8th Cir. 2008) ("Jury instructions constructively amend an indictment if they, in effect, allow the jury to convict the defendant of an offense other than the one alleged in the indictment."). And our case law provides that a constructive amendment "is reversible error per se." Joiner, 39 F.4th at 1011 (quoting United States v. Harris, 344 F.3d 803, 804 (8th Cir. 2003) (per curiam)); see Lasley, 917 F.3d at 664 n.1 ("This court has repeatedly said that 'a constructive amendment is reversible error per se . . . .'" (quoting United States v. Johnson, 719 F.3d 660, 668 (8th Cir. 2013)).

---

[4]The government asserted six times in its opening statement that Chopra touched his victim's penis, and it made the same assertion ten times in its closing arguments.

It is difficult to distinguish Chopra's case from similar cases we have decided. For example, in United States v. Lasley, the defendant was charged with two counts of assault after his girlfriend alleged that he had injured her eye and broken her arm. 917 F.3d at 663. His indictment, however, charged him in both counts specifically with "breaking [his girlfriend's] arm."[5] Id. at 664. At trial, the jury asked the district court during deliberations whether a conviction could be based on the girlfriend's eye injury, and the district court responded that the jury could consider "any injuries allegedly suffered by" the girlfriend. Id. at 663. The jury subsequently found the defendant guilty on both assault counts, but we vacated those convictions and remanded for a new trial after concluding that the jury instructions "constructively amended the indictment." Id. at 664. We explained that because the "text of the indictment" only referenced the girlfriend's arm injury, the jury had to consider that injury alone. Id. But the jury instructions allowed jurors to consider "any injuries," including the uncharged eye injury. And such an expansion of the "cognizable injuries for conviction," we determined, amounted to a constructive amendment. Id. at 665.

Similarly, in United States v. Joiner, a defendant was indicted for violating 18 U.S.C. § 2422(b), which prohibits attempting to "persuade[], induce[], entice[] or coerce[]" a minor "to engage in prostitution" or any unlawful "sexual activity." See 39 F.4th at 1010. The indictment charged the defendant with attempting "to persuade, induce, and entice" a minor but not with attempted coercion. Id. at 1010. The jury was nonetheless instructed at the start of trial that the defendant had been "charged with attempted persuasion or coercion of a minor," and the government's proposed jury instructions said the same. Id. at 1007. The district court later removed "coerce" from the jury instructions because that term did not appear in the indictment. Id. And we affirmed the modified jury instructions on appeal, agreeing with the district court that "the inclusion of 'coerce' in the final jury instructions

---

[5]The defendant in Lasley was charged with one count of assault resulting in serious bodily injury, see 18 U.S.C. § 113(a)(6), and a separate count of assault of an intimate partner or dating partner resulting in substantial bodily injury, see id. § 113(a)(7). See 917 F.3d at 663.

potentially could have impermissibly constructively amended the superseding indictment." Id. at 1011; see McDill, 871 F.3d at 631–33 (concluding that a defendant was "subjected to a constructive amendment" because he was issued two citations for "intentionally *interfering* with" Forest Service officers, yet the government's case "focused primarily on establishing that [the defendant] *intimidated*" the officers (emphasis added)).

In concluding there was no constructive amendment in this case, the court explains that the dictionary definition that was submitted to the jury, which provided that a person's "groin" can encompass his or her "external genitalia," merely "clarified" the ordinary meaning of "groin" without constructively amending Chopra's indictment. But that analysis is hard to square with basic principles of statutory construction. While it is true that we look to dictionaries for a statutory term's ordinary meaning, see, e.g., United States v. Hackman, 630 F.3d 1078, 1083 (8th Cir. 2011), that does not mean that any definition of a statutory term is permissible so long as it comes from a dictionary. Rather, "[i]t is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." Roberts v. Sea-Land Servs., Inc., 566 U.S. 93, 101 (2012) (quoting Davis v. Mich. Dep't of Treasury, 489 U.S. 803, 809 (1989)). And a court "must give effect, if possible, to every clause and word of a statute." United States v. Johnson, 703 F.3d 464, 468 (8th Cir. 2013) (quoting Williams v. Taylor, 529 U.S. 362, 404 (2000)). Here, the definition of "groin" submitted to the jury rendered a separate statutory term— "genitalia"—largely superfluous.[6] See Union Pac. R.R. Co. v. United States, 865 F.3d 1045, 1050 (8th Cir. 2017) ("When interpreting a statute, courts typically do not presume that Congress has used superfluous words in its enactments."); see also

---

[6]The court explains that the district court's definition of "groin" did not render "genitalia" superfluous because the definition "indicated that the groin 'often' includes the genitalia, which is different than the groin always including the genitalia." That statement might be true as a matter of semantics but is less so as a matter of statutory construction, given that we must "assume that Congress used two terms because it intended each term to have a particular, nonsuperfluous meaning." Bailey v. United States, 516 U.S. 137, 146 (1995).

Duncan v. Walker, 533 U.S. 167, 174 (2001) ("We are thus reluctant to treat statutory terms as surplusage in any setting." (cleaned up)).

To some extent, I agree that the terms "groin" and "genitalia" "naturally overlap as a function of human anatomy." But that is not invariably so. If an athlete were to say that he "strained his groin," it is unlikely that others would be concerned about the condition of the athlete's genitals. In any event, I see nothing to support the court's suggestion that the six body parts enumerated in 18 U.S.C. § 2246(3) are not "independent of each other."[7] And without such support, the default rule remains: "we must give effect, if possible, to every . . . word of a statute." Johnson, 703 F.3d at 468.

If the government wanted to prosecute Chopra for touching his victim's "genitalia," it could have charged him accordingly. But it did not, and the jury instructions should not have allowed for a conviction based on this separate, uncharged criminal act.

For the foregoing reasons, I respectfully dissent.

_____

---

[7]The fact that the district court's definition suggested that "groin" also includes the "inner thigh" rendered that definition even more incompatible with the statutory text, not less so. The court also suggests that overlap is "not uncommon in criminal statutes," relying on Loughrin v. United States, 573 U.S. 351, 358 n.4 (2014). Loughrin noted that separate statutory subsections often "overlap" in the sense that they can potentially encompass some of the same conduct. See id. (citing Hubbard v. United States, 514 U.S. 695, 714 n.14 (1995)); see Hubbard, 514 U.S. at 714 n.14 ("Congress may, and often does, enact separate criminal statutes that may, in practice, cover some of the same conduct."). But that practical observation about the ambit of related statutes does not mean we should assume that statutory terms found in the same subsection also overlap with each other. See Bailey, 516 U.S. at 146; Johnson, 703 F.3d at 468.